## CIRCUIT COURT OF THE CITY OF RICHMOND

Lynette Douglas

v.

San Francisco Hairport/44 Productions

February 19, 1986

Case No. LH 1735

By JUDGE MELVIN R. HUGHES, JR.

In this case, which was tried before a jury on November 18, 1985, a verdict was returned in favor of the plaintiff in the amount of $3,000.00. This case involves a claim by the plaintiff that the defendant failed to provide her with certain prizes due her upon winning a beauty pageant. Defendant moved to set aside the jury's verdict. The Court took the matter under advisement and set a briefing schedule which was completed in early December, 1985.

The two questions that are dispositive of the motion have to do with whether the named defendant is an entity sufficient in law against whom a cause of action can be maintained and whether the evidence in the case supports the jury s award of $3,000.00.

Before proceeding, it is worth noting that the defendant, while denoted in the Motion for Judgment as San Francisco Hairport/44 Productions, is San Francisco Hairport, both parties conceding that 44 Productions has not been served and has not appeared. In addition, counsel for defendant represented to the Court at the outset of the trial that he appeared only on behalf of San Francisco Hairport and not for 44 Productions.

The evidence revealed that San Francisco Hairport is a trade or assumed named of a proprietorship of one, Michael Love.

I am of the opinion that the issue of legal entity is resolved on principles of misnomer, which has been called a mistake in name, but not person, *Rockwell v. Allman, Admr.*, 211 Va. 560, 561 (1971). Here, the return on the service of process states that the Notice, with a copy of the Motion for Judgment, was delivered to "Michael Love agent of San Francisco Hairport place of business of said Michael Love being in said City." This situation is not unlike a corporation which has several different names and the pleadings and proof properly describe who the real defendant corporation is. *Baldwin v. Norton Hotel*, 163 Va. 76 (1934). Since the name of the business under which Michael Love carries himself is identical in interest to him and does not exist independent of him and since he was served and made a general appearance, the verdict, if valid, should count against him. *Jacobson v. Southern Biscuit Company*, 198 Va. 813 (1957).

I am also of the opinion that the issue of whether the verdict is supported by the evidence should be decided on familiar principles governing § 8.01-430, Code of Virginia of 1950, as amended. The Court is empowered to set aside a jury verdict when it is contrary to the evidence or without evidence to support it. In considering such questions, the Court should not attempt to substitute its judgment for that of the jury's realizing that it is the jury's function to reconcile discrepancies and conflicts in the evidence when it is subject to logical interpretation. *Raisovich v. Giddings*, 214 Va. 485 (1974).

For these reasons, I cannot agree with the defendant that this verdict ought to be disturbed on the question of liability. I can agree with the defendant, however, that "there does not seem to be any reasonable relationship between the damages proved and those awarded by the jury." According to my recollection, the only evidence of damages pursuant to the beauty contest contract in this case was a $1,000.00 cash prize and the cost of a beauty makeover in the amount of $250.00 in the event a contestant won. There was no evidence on the costs of a photo session and a portfolio and the costs of round trip air fare to Las Vegas, Nevada, for one person and hotel and food expenses, both of which were alleged in the Motion for Judgment.

Accordingly, pursuant to § 8.01-430, the amount of judgment to be entered is $1,250.00.