## CIRCUIT COURT OF LOUDOUN COUNTY

Purcellville Feed
and Fertilizer

v.

James Ferguson

September 18, 1990

Case No. (Law) 11293

By JUDGE THOMAS D. HORNE

Purcellville Feed & Fertilizer filed a Motion for Judgment against James Ferguson for sums allegedly due on August 30, 1989, for merchandise allegedly sold and delivered by plaintiff to defendant at defendant's request, upon open account, during 1987. Among the papers filed in response to the Motion for Judgment, defendant included a Motion to Dismiss. In the Motion to Dismiss, the defendant asserts that "any and all trading that serves as the subject matter for the claim of the plaintiff was conducted between the Middleburg International Corporation of America and Purcellville Feed and Fertilizer." Subsequently, Purcellville Feed & Fertilizer made a Motion for Leave to Amend the Motion for Judgment to substitute the name of the plaintiff with the name Whitmore and Arnold, Inc., trading as Purcellville Feed and Fertilizer, Inc., and in support thereof, averred that there had been a misnomer of the party plaintiff.

The plaintiff suggests that it should be entitled to the relief provided for in § 8.01-6, Code of Virginia, as amended, in order to correct a misnomer in the name of the corporate plaintiff. A "misnomer" is "a mistake in name, but not person." *Rockwell v. Allman, Admr.,* 211 Va. 560, 561 (1971). Thus, "a misnomer of a plaintiff or defendant is amendable unless the amendment is such

as to effect an entire change of the parties." *Baldwin v. Norton Hotel*, 163 Va. 76, 81 (1934) (citation omitted). It has been held that:

> Where the substituted party bears some relation of interest to the original party and to the suit and there is no change in the cause of action, a substitution may be allowed. (citations omitted). If the right party is before the court although under the wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated . . . . [a] trade name is really the name of the person using it, amendments to give the real name, whether identical or corporation, had been allowed. (citations omitted). *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817 (1957).

In the instant case, Purcellville Feed and Fertilizer does not exist independently of Whitmore and Arnold, Inc. *See, Douglas v. San Francisco Hairport*, 5 Va. Cir. 318, 319 (1986). The Motion to Dismiss for failure to properly identify the [plaintiff] demonstrates an awareness on the part of the defendant as to existence of an account with some entity trading as Purcellville Feed and Fertilizer. Rather than seek to rely solely upon that fictitious trade name, plaintiffs seek to correct the misnomer and sue in the proper corporate name. *Cf., Leckie v. Seal*, 161 Va. 215, 223 (1933). However, to the extent the plaintiff will rely upon the fictitious trade name, it will be required to bring itself into compliance with the provisions of § 59.1-69, Code of Virginia, as amended. Section 59.1-76, Code of Virginia, as amended; *Phlegar v. Virginia Foods, Inc.*, 188 Va. 747 (1949).

Therefore, plaintiff's Motion for Leave to Amend is granted.