LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Thomas G. Saady

v.

Lillie B. Thomas

March 8, 1967

Case No. A-9308

By JUDGE ALEX H. SANDS, JR.

On November 28, 1964, a vehicle owned by Lillie Bell Thomas and driven at the time by her married daughter, Lillie Bell Jones, was involved in a collision resulting in injuries to Thomas G. Saady, the plaintiff herein.

On November 25, 1966, plaintiff filed motion for judgment against Lillie B. Thomas, title owner of record of the vehicle injuring plaintiff, and listed her address as 711 East 17th Street. The motion alleged the collision to have occurred upon November 20, 1964. Proof of service shows posted service as to the named defendant, Lillie B. Thomas, at 1715 Rogers Street and it is conceded that this was defendant's correct address, that she was properly served and is properly before the Court.

Defendant having filed a plea of the statute of limitations based upon the alleged date of accident (Nov. 20, 1964), plaintiff moved for leave to amend to show the date to be November 28, 1964, which is conceded by defendant to be the correct date. The Court has indicated that it will allow this amendment over defendant's objection.

It next developed, however, that it was Lillie B. Jones and not Lillie B. Thomas, whom plaintiff had intended to sue, this error having been occasioned through misinformation given plaintiff's attorney at the time he was preparing his initial pleadings.

Plaintiff, upon discovering that his action had been instituted against the wrong named party defendant moved to amend his motion to show as the party defendant "Lillie B. Jones, nee Lillie B. Thomas." It is this motion, opposed by defendant, which is before the Court for determination.

## Opinion

Plaintiff contends that his motion, in effect, involves only the question of misnomer; that he actually sued the correct party but sued her in her maiden, rather than her married, name and that he is not seeking to substitute a new party plaintiff but merely to amend to show the correct name of the party whom he did sue.

Once a party is before the Court, it is unquestionably true that the Court can permit an amendment to put the correct name tag on the party although sued under the wrong name. Arminius Chemical Co. v. Shenandoah, 112 Va. 250 (1911); Baldwin v Norton Hotel, Inc., 163 Va. 76 (1934). And this may be done although at the time of the amendment the statute of limitations has run upon the claim involved. Jacobson v. Southern Biscuit Co., 198 Va. 813 (1957).

But these cases all presuppose that the right party has been properly served with process and is before the Court. The Court in Jacobson v. Southern Biscuit Co. emphasizes this limitation upon the rule permitting the correction of a misnomer thus:

> If the right party is before the Court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in

the cause of action originally stated.
(Emphasis added)

This situation is vastly different, however, from one in which it is attempted to substitute a person who has not been served and brought into Court for one who has been served and brought into Court but under a wrong name. In speaking of the proper limitation to be placed upon Code sec. 6102 (the forerunner of the present sec. 8-96) the Virginia Supreme Court said (Bardach Iron Co. v. Tenenbaum, 136 Va. 163 (1923):

> Section 6102 of the Code relates to non-joinder and misjoinder, and not to substitution of one sole plaintiff for another sole plaintiff. Non-joinder means that a party has been omitted who ought to be joined with an existing party, not substituted for an existing party. That section further provides that "such new party shall not be added unless it shall be made to appear that he is a resident of the State, and the place of such residence be stated with convenient certainty." Here the substituted party is not a resident of this State.

It is this concept of bringing in a new party to the action that the legislature obviously had in mind in incorporating into sec. 8-96 the following language:

> [N]or shall a new party be added if it shall appear that by reason of . . . Chap. 2 (§ 8-5 et seq.) of this title the action could not be maintained against him.

## Case at Bar

Process was served upon Lillie B. Thomas, the mother, and it was she, not her daughter, Lillie B. Jones, who was brought into Court. To permit the requested amendment would be to substitute Lillie B. Jones (who has not been brought before the Court) for Lillie B. Thomas, who is properly before the Court. This would be directly in the teeth of Bardach Iron

<u>Co</u>. v. <u>Tenenbaum</u>, <u>supra</u>, as well as Code sec. 8-96.

For the above reasons the motion to amend the motion for judgment by substituting the name of Lillie B. Jones nee Lillie B. Thomas is denied.