CIRCUIT COURT OF FAIRFAX COUNTY

Buddie Walker

v.

McDonald's Corp.

April 15, 1988

Case No. (Law) 77714

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court for consideration of the Plea in Bar filed by the Defendant, McDonalds Corp., and the Motion for Leave to Amend filed by the Plaintiff, Walker.

The Court finds the following facts to be applicable.

The Plaintiff was allegedly injured on February 11, 1985, while at a McDonalds Restaurant in Reston, Virginia. On February 10, 1987, one day before the expiration of the statute of limitations, the Plaintiff filed a Motion for Judgment against McDonalds Corp. The Defendant was served with process on February 12, 1988, through its registered agent, Calvin F. Major. McDonalds Corp. filed a plea in bar on March 11, 1988, stating that it did not own and operate the restaurant where the alleged injury occurred. Plaintiff has since requested leave to amend in order to substitute a new defendant, McDonalds Restaurants of Virginia, for McDonalds Corporation.

In his original Motion for Judgment, Plaintiff alleges that McDonalds Corp., its agents and employees negligently poured water on the restaurant walkway during freezing temperatures proximately causing the injury. McDonalds Corp. filed an answer stating that they did not own and operate the restaurant. Since McDonalds Corp. is not the

owner and operator of the restaurant in question, it cannot be held liable for the negligence of a franchise employee. Further, Plaintiff's attempt to substitute Defendants appears to concede that McDonalds Corp. is indeed not liable for the alleged act of negligence. The plea in bar is thus sustained.

The Plaintiff has filed a Motion for Leave to Amend the pleadings to substitute a new party, McDonalds Restaurants of Virginia, for the current Defendant, McDonalds Corp. Plaintiff claims that it mistakenly named McDonalds Corp. instead of McDonalds Restaurants of Virginia and that leave to amend should be liberally granted in order to cure such a misnomer. The Plaintiff relies on two cases, *Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957), and *Baldwin v. Norton Hotel*, 163 Va. 76 (1934), where the Virginia Supreme Court permitted a substitution where the right party was before the court under the wrong name. However, in the present action, the Plaintiff has not sued the proper party under a wrong name but has instead sued the wrong party. In *Rockwell v. Allman*, 211 Va. 560 (1971), the court distinguished *Jacobson* and stated that the mistake of naming the wrong person cannot be corrected by labelling the mistake a misnomer.

Although McDonalds Corp. and McDonalds Restaurants of Virginia have similar names, they are separate and distinct corporate entities. The Plaintiff clearly did not have the correct identity before the Court.

The Plaintiff also argues that no one was misled by the mistake because (1) the correct registered agent was served; (2) the two corporations have the same principal business address; and (3) the address of the facility where the alleged injury occurred was correctly stated. However, the U. S. Supreme Court, construing Fed. Rule Civil Pro. 15(c) on amendments to pleadings, has recently held that any "identity of interest" exception under which an amendment will relate back to the original complaint is not applicable when neither defendant received notice of the filing until after the limitations period has expired. *Schiavone v. Fortune*, 477 U.S. 21 (1986). In the present case, there can be no possible relation back so as to include McDonalds Restaurants of Virginia within the original two year statute of limitations. The service of process on McDonalds Corp. was not effected until more

24

than three years after the date of the alleged injury. Thus, the registered agent for both corporations had no notice of the action until after the limitations period had run.

For the reasons stated above, the Defendant's Plea in Bar is sustained, the Plaintiff's Motion for Leave to Amend the pleadings is denied, and the Plaintiff's Motion for Judgment is dismissed with prejudice.