## CIRCUIT COURT OF FAIRFAX COUNTY

Janet Whelan

v.

DavCo Restaurants, Inc.

August 4, 1995

Case No. (Law) 138813

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Defendant DavCo Restaurants, Inc.'s Motion to Reconsider this Court's July 14, 1995, order granting Plaintiff Janet Whelan's Renewed Motion to Amend. The Court has considered the memorandum filed by Mr. Carney in support of DavCo's motion as well as each of the authorities cited therein and each of the pleadings included in the Court's file. For the reasons hereinafter set forth, the Motion to Reconsider is denied.

On February 14, 1995, Whelan instituted this action by filing a Motion for Judgment against Wendy's Restaurant. Plaintiff requested that the Defendant be served by serving "Wendy's International, Inc., Edward R. Parker, Esq.," at Mr. Parker's office address. In the preamble of her Motion for Judgment, plaintiff moved for judgment solely against Defendant Wendy's Restaurant. She alleged that she went to Wendy's Restaurant, located in Vienna, Virginia, and slipped and fell on a sidewalk located "on real property *owned* by the Defendant." (Emphasis supplied.)

In its pleadings, DavCo concedes that there is no entity entitled Wendy's Restaurant. It asserts that DavCo is in fact the owner of the subject restaurant and is the proper party defendant. It argues, *inter alia*, that because DavCo was not advised of the pendency of this action until February 28, 1995, one day after the expiration of the applicable statute of limitations, in accordance with § 8.01-6 of the Virginia Code, plaintiff's motion to amend should have been denied. DavCo further argues that this Court erred in its ruling on Whelan's Motion to Amend because the Court looked to DavCo's notice of the pendency of Whelan's *claim* in reading its

ruling, not the pendency of Whelan's suit. DavCo misreads § 8.01-6 of the Code and the cases interpreting it and misinterprets the rationale underlying the Court's initial decision.

Virginia Code § 8.01-6 reads as follows:

> *Amending pleading to correct misnomer; relation back to original pleading.* — A misnomer in any pleading may, on the motion of any party and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits, and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In its first sentence, the statute addresses misnomers in a pleading; in its second sentence it addresses substitution of the party against whom a claim is asserted. The plain language of the statute implicates the statute of limitations considerations only when the proposed amendment substitutes a new party defendant.

In its memorandum in support of its motion to reconsider, DavCo argues that a misnomer of the defendant is only correctable when the misnamed party has been served with the original defective pleading. However, none of the cases cited by DavCo support this position.[1] *White v. Aunt Sarah's Franchise, Inc.*, 20 Va. Cir. 333 (1990); *Lyle v. Nolan*, 15 Va. Cir. 295 (1989); *Walker v. McDonalds Corp.*, 18 Va. Cir. 22 (1988); and *Saady v. Thomas*, 1 Va. Cir. 60 (1967); all involved cases where the plaintiff sought to substitute a *different* party defendant rather than simply correct a misnomer.

In *Rockwell v. Allman*, 211 Va. 560 (1971), the only appellate precedent relied on by DavCo, plaintiff filed suit against the wrong administrator of

---

[1] This Court acknowledges that *Virginia Civil Procedure*, Middleditch and Sinclair, (1992), seemingly supports DavCo's position. However, the authors do not cite any authority for their conclusion.

the estate of the defendant. Interpreting § 8-97 of the Virginia Code, the predecessor to § 8.01-6, the Supreme Court held that the wrong person was named as the party defendant and that the plaintiff's attempt to substitute the correct defendant could not be effected under the guise of a claimed misnomer. *Id.* at 561. In so holding, the Court approvingly cited its prior decision in *Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957). In *Jacobson*, the Supreme Court reversed the trial court's refusal to allow an amendment reasoning, in part, as follows:

> If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, provided there is no change in the cause of action originally stated. 39 Am. Jur., *Parties*, 124, pp. 1002-3; Anno., 124 A.L.R. 86, 124, 136; and see p. 128, where it is stated that possibly upon the theory that a trade name is really the name of the person using it, amendments to give the real name, whether individual or corporation, had been allowed in the cases there cited. *Id.* at 817.

In *Jacobson*, the Court relied on its decision in *Baldwin v. Norton Hotel*, 163 Va. 76 (1934). In *Baldwin*, plaintiff filed suit against Norton Hotel Corporation and Norton Hotel, Incorporated. Like the present action, there were no entities by the name of either Norton Hotel Corporation or Norton Hotel, Incorporated, and in fact, Norton Realty Corporation owned the hotel at which the plaintiff was injured. The trial court denied plaintiff's motion to amend the misnomer and granted the defendant's motion to dismiss. The Supreme Court reversed, noting that there had been no substitution of parties, no one had been misled, and all parties knew that plaintiff had filed his suit against the operator of the Norton Hotel. *Id.* at 82.

> Whatever name it used, or by which it was known, the real defendant was the owner and operator of the Norton Hotel, in the Town of Norton, Wise County, Virginia, the party through whose negligence plaintiff alleged he had been injured. *Id.*

DavCo's position that the pendency of the action must be known by the actual defendant within the applicable statute of limitations in order for the Court to allow the correction of a misnomer is not only unsupported by judicial precedents but is also inconsistent with Virginia procedure. In Virginia, the statute of limitations on an action is tolled upon the *filing* of

the suit, not upon the *service* on the defendant. *See* Va. Code § 8.01-235 *et seq.* Pursuant to Rule 3:3 of the Rules of the Supreme Court of Virginia, service need not be effected upon the defendant for up to a year after the action has been commenced. Therefore, under Virginia law, notice of the pendency of a personal injury action need not be given to a defendant for a period of three years after the cause of action accrues. It is only when a new party is being substituted for the original party defendant that the plaintiff must prove that the new party defendant knew of the pendency of the action within the limitations period. As no action would have been commenced against the new party defendant within the applicable statute of limitations, it is entirely reasonable that § 8.01-6 allows the amendment to relate back to the date of the filing of the suit only when notice of the pendency of the action was received during the applicable statute of limitations.

In this case, there can be no doubt that the Motion for Judgment was filed against the owner of Wendy's Restaurant located at 8353 Leesburg Pike, Vienna, Virginia. Nowhere in the body of the Motion for Judgment is there any allegation or prayer for relief against Wendy's International, Inc.; it was merely the entity upon which plaintiff effected service of process in her action against Wendy's Restaurant. As Wendy's International, Inc., was never a party defendant to this action, DavCo is not being substituted for Wendy's International, Inc., but is rather being properly named in lieu of Wendy's Restaurant as the proper party defendant. Consequently, it is the first sentence of Virginia Code § 8.01-6 which is applicable. *Jacobson* and *Baldwin*, not *Rockwell* and the various circuit court opinions cited by DavCo, are controlling.

Finally, DavCo misunderstood the Court's reference to the April 20, 1993, notice of claim letter written by plaintiff's counsel to Debbie Livingston of Wendy's Restaurant. By referring to the notice of claim letter, the Court did not intend to indicate that its analysis was based upon the notice requirement of the second sentence of Virginia Code § 8.01-6. In the Court's view, this letter was further evidence that the plaintiff intended to sue the owner of that particular restaurant, not the franchisor, Wendy's International, Inc.

Accordingly, DavCo's motion for reconsideration is denied.