# CIRCUIT COURT OF WASHINGTON COUNTY

Roop

v.

People, Inc.

August 26, 1998

Case No. (Law) 94-280

BY JUDGE CHARLES H. SMITH, JR.

This matter is before the court for ruling on the defendant's Motion to Quash, Motion to Dismiss, and Demurrer and the plaintiff's Motion to Amend Motion for Judgment. The court conducted a hearing on these motions on July 7, 1998, and took the matter under advisement to allow counsel to file supplemental memoranda in support of their respective positions. The court has reviewed the pleadings and exhibits along with counsels' memoranda and considered same in light of counsels' arguments made at the hearing. In consideration of all of which, the court finds as follows.

The plaintiff instituted this action on October 7, 1994, seeking damages for personal injuries allegedly sustained as a result of the defendant's negligent spraying of a pesticide on the interior of her apartment while she slept. The alleged incident occurred on October 8, 1992. Thus, the action was commenced one day prior to the expiration of the applicable limitation period. The named defendant in the motion for judgment is People, Inc. Service was requested on and executed on James P. Jones, Esq., ostensibly as the registered agent for the defendant. Personal service was effected on May 15, 1995, some seven months after the running of the statute of limitations for this action. The pleadings and exhibits now reveal that the named defendant, People, Inc., is a North Carolina corporation, started in 1993 with a principal office in North Carolina and a registered agent in Richmond, Virginia. Further, the pleadings and exhibits now reveal that James P. Jones, Esq., is the registered agent for People Incorporated of Southwest Virginia, a corporation incorporated in the Commonwealth of Virginia, with a principal office in Abingdon, Virginia.

These two corporations are not the same, and neither is related to or associated with the other in any manner whatsoever. Mr. Jones has never been the registered agent for People, Incorporated.

It is obvious now that the intended suit was against People Incorporated of Southwest Virginia, and the plaintiff has filed her motion to amend to so reflect. The defendant contends that service of process should be quashed and the action dismissed for two basic reasons. First, the defendant contends that this is not a case of a misnomer wherein the court might liberally grant such relief but simply a case of naming and suing the wrong defendant. The defendant cites a couple of Virginia Supreme Court decisions, *Swann v. Marks*, 252 Va. 181 (1996), and *Rockwell v. Allman*, 211 Va. 560 (1971), and the Virginia Circuit Court decision of *Walker v. McDonald's Corp.*, 18 Va. Cir. 22 (Fairfax County 1988), in support of this proposition. The ruling in those cases is that a misnomer arises when the right person is incorrectly named, not where the wrong defendant is named. The defendant contends that this is clearly a case of naming the wrong defendant since the two entities here are totally separate and bear no relationship at all to one another. The defendant further contends that plaintiff's motion to amend should not be allowed because it cannot satisfy the requirements of § 8.01-6. The defendant contends that this is not a simple case of misnomer but rather a case of actually naming the wrong defendant. Thus, although the correct registered agent was served, this does not comport with the requirements of the statute as in effect on the date in question, since such service was effected more than seven months after the expiration of the statute of limitations.

The plaintiff, on the other hand, contends that this case presents a classic example of misnomer and that her motion to amend should be granted. It should be noted that the motion to amend was filed on July 7, 1998. The plaintiff contends that the named defendant, People, Incorporated, has never been served with any process but that the registered agent for the actual entity allegedly responsible for the wrong was served within one year of the filing of the original motion for judgment. (Rule 3:3 of the Rules of Court.)

The court is inclined to agree with the defendant. This is not a case of simple misnomer but a case of actually naming the wrong defendant. As the cases state, a misnomer is a mistake in name, but not in person. A corporation is a person. The intended defendant, People Incorporated of Southwest Virginia, was not named in the original pleadings and has never been served with any process. Their registered agent was mistakenly served with papers intended for the named defendant, People, Incorporated. It does not advance the plaintiff's case to suggest that she obviously sued the right defendant under the wrong name since she timely served the right defendant. As the defendant

correctly notes, service of process on the registered agent of a nonparty does not constitute commencement of an action against a defendant. Given this, and the timing of the receipt of notice by People Incorporated of Southwest Virginia's registered agent, the plaintiff cannot meet the statutory requirements of § 8.01-6, as in effect at the time in question.

It is for these reasons that the court will grant the motion to quash and the motion to dismiss and will deny plaintiff's motion to amend the pleadings and dismiss the motion for judgment with prejudice.