# CIRCUIT COURT OF FAIRFAX COUNTY

David Eschbacher

v.

Chesterbrook
Shopping Center,
L.L.P., et al.

## Case No. (Law) 173825

BY JUDGE R. TERRENCE NEY

## May 14, 1999

This matter came before the Court on February 19, 1999, on Defendant Chesterbrook Shopping Center Property Management's Plea to the Motion for Judgment and Plaintiff's Motion to Amend his Motion for Judgment. I sustained the Defendant's Plea in Bar and took the issue of the Motion to Amend under advisement. For the reasons stated herein, the Motion to Amend is granted.

On August 7, 1998, Mr. Eschbacher filed his suit against, among others, Chesterbrook Shopping Center Property Management. A private process server served Chesterbrook Shopping Center Property Management with the Motion for Judgment on December 1, 1998, at an address in Washington, D.C. In his Motion for Judgment, Plaintiff alleges that he sustained injuries when he received an electrical shock after picking up the receiver of a pay phone at Chesterbrook Shopping Center in McLean, Virginia. With respect to Defendant Chesterbrook Shopping Center, Plaintiff specifically alleges that Defendant Chesterbrook Shopping Center failed to keep the pay phones free from defects and unsafe conditions, failed to properly inspect the pay phones,

and failed to properly warn or give notice to Plaintiff and other patrons of the defect and unsafe condition. Motion for Judgment, ¶ 11.

Defendant Chesterbrook Shopping Center Property Management appeared specially and filed its Plea in Bar. Defendant contended that the named Defendant was not a proper entity against which a judgment could be rendered or enforced. In his response, Plaintiff stated that "[u]pon information and belief, the proper entity is Chesterbrook Shopping Center, L.L.P." Plaintiff further stated that the Motion for Judgment was served upon Greenhoot, Inc., which is the property management company for Chesterbrook Shopping Center, L.L.P., and for Chesterbrook Shopping Center. Plaintiff requested leave to amend his Motion for Judgment pursuant to Va. Code § 8.01-6.

Virginia Code § 8.01-6 provides:

A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"A misnomer is a mistake in name, but not in person." *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971). An amendment is permitted where the right party is before the court under the wrong name. "If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated." *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817, 97 S.E.2d 1, 5 (1957).

Here, Plaintiff's original Motion for Judgment named Chesterbrook Shopping Center Property Management as a defendant. The original Motion for Judgment also named Greenhoot, Inc., as a defendant. The Amended Motion for Judgment names Chesterbrook Shopping Center, L.L.P., as a defendant, and also names Greenhoot, Inc., as a defendant. Plaintiff plainly made a mistake by naming Chesterbrook Shopping Center Property

Management in the original Motion for Judgment. Yet, the right party, Chesterbrook Shopping Center, L.L.P, is effectively before the Court under the wrong name. Chesterbrook Shopping Center, L.L.P., is not substituted for Chesterbrook Shopping Center Property Management, rather Chesterbrook Shopping Center, L.L.P., is named in lieu of Chesterbrook Shopping Center Property Management as the proper party defendant. In addition, Defendant Greenhoot, Inc., the property management company managing the shopping center, was served properly with the Motion for Judgment, had notice of this suit, and plainly afforded, constructively or otherwise, the owner of the shopping center with notice of this litigation.

Accordingly, Plaintiff's Motion to Amend is granted.

### July 1, 1999

This matter comes on the motion of the defendant, Chesterbrook Shopping Center, L.L.P., to have the Court reconsider its decision of May 14, 1999.

Only one issue has ever been presented by this motion. First, preliminarily, must *service of process* on a defendant occur within a statute of limitations period — where the suit itself is timely filed — in order to satisfy the time requirements of the statute? The answer is plainly no. Second, is this answer different if the proper defendant has been simply misnamed in the timely filed initial pleading? The answer to this question — the sole issue presented here — is no as well.

Chesterbrook continues to contend that even if the correct party was always before the Court, although misnamed, the service on that party through its agent, defendant Greenhoot, Inc., the service on Greenhoot did not occur within the statute of limitations period, namely on or before August 8, 1998, and not in fact until December 1, 1998, a period four months after the statute of limitations had run. (The accident giving rise to the litigation was August 8, 1996.) In a nutshell, Chesterbrook contends that the Court's ruling that the misnomer merely substituted the correct name for the correct party could not relate back to the date of filing, August 7, 1998, because the correct party, Chesterbrook Shopping Center, L.L.P., did not receive notice until December 1, 1998, when service of process was made upon Greenhoot, Inc. For the reasons stated herein and for the reasons previously stated in the Court's letter of May 14, 1999, the Motion to Reconsider is denied.

First, § 8.01-6 of the Code requires that a new party "to be brought in by the amendment ... receive[d] such notice of the institution of the action ... within the limitations period described for commencing the action." Simply

put, if a *new* party is to be brought into the litigation, it must be brought into it before the original statute of limitations period has run.

Here, Chesterbrook Shopping Center, L.L.P., is *not* a new party, but rather the correct name for the party that received sufficient notice of the motion for judgment. The correction of a misnomer as to such a party relates back to the date of the original pleading regardless of the time of when service of process on that party was effected. Again, as previously stated in the court's opinion letter of May 14, 1999:

> If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations provided that there is no change in the cause of action originally stated.

*Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817, 97 S.E.2d 1, 5 (1957).

Equally on point are two circuit court opinions from this Court, *Claiborne v. Bernanu*, 44 Va. Cir. 186 (Fairfax 1997), and *Whelan v. DavCo Restaurants, Inc.*, 38 Va. Cir. 105 (Fairfax 1995). Each of these cases involves the identical situation presented here, namely where a misnomer corrected the name of a party against whom an action was brought within the statute of limitations period but against whom service was obtained without the statute of limitations period. In both cases, the Courts properly found that it is only when a new defendant is being substituted for the original defendant — as opposed to the correction of a misnomer — that the new defendant must have known of the action within the statute of limitation period:

> The "position that the pendency of the action must be known by the actual defendant within the applicable statute of limitations in order for the court to allow the correction of a misnomer is not only unsupported by judicial precedence but is also inconsistent with Virginia procedure."

*Whelan v. DavCo Restaurants, Inc.*, 38 Va. Cir. 105 (Fairfax 1995).

Virginia law plainly states that the statute of limitations is tolled upon the filing of the lawsuit, and not upon the time of service on the defendant. Put differently, as long as the suit is filed in time, the limitations requirement is satisfied. Service of process may then take up to a year after the filing of the suit. See Rule 3:3 of the Rules of the Supreme Court of Virginia.

This is precisely what happened here. The suit was timely filed. The correct party defendant was joined, Chesterbrook Shopping Center, L.L.P.,

although misnamed. Service of process upon its agent, its property management company, Greenhoot, Inc., occurred within one year as required by Rule 3:3. The correction of the misnomer changing Chesterbrook Shopping Center Property Management to Chesterbrook Shopping Center, L.L.P., did not have to occur before the running of the statute of limitations. The correction of the misnomer relates back to the time of filing of the suit, not time of service.

For these reasons, the Motion for Reconsideration is denied.