# Staunton

## W. Kyle Baldwin v. Norton Hotel, Incorporated.

September 20, 1934.

Present, All the Justices.

The opinion states the case.

*Wm. H. Woodward* and *S. Bruce Jones,* for the plaintiff in error.

*R. R. Parker* and *H. M. Bandy,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This is an action, instituted by W. Kyle Baldwin, to recover damages for personal injuries sustained while he was a guest in the Norton Hotel. Process was returned, "Executed by delivering a true copy of the within notice on Webb Willitts, as President Norton Hotel Corporation; also by delivering a true copy to C. Matthews, as Manager of Hotel Norton, Incorporated, in Wise county.

"J. P. ADAMS,
"August 1, 1932."                                              "S. W. C."

The defendant in its brief stated the case thus: "On October 23rd, H. M. Bandy, Esq., appeared and filed a plea of the general issue, * * *. On October 25, 1933, R. R. Parker, Esq., appearing specially as attorney for Norton Realty Corporation, orally presented a motion to dismiss the action on the ground that the corporation owning and operating the hotel in question at Norton, Virginia, is, and was at the time of the filing of plaintiff's notice of motion, the Norton Realty Corporation and not Hotel Norton, Incorporated, and that as there was no such corporation or

entity as Norton Hotel Corporation or Norton Hotel, Incorporated, any action instituted against any such defendant should be immediately dissolved and dismissed. In support of his motion, he filed an affidavit signed by Charles E. Mathews. The substance of this affidavit is briefly, as follows: That he is manager of the Norton Realty Corporation, a corporation organized and existing under and by virtue of the laws of the State of Virginia, and that said corporation owns and operates a hotel located in the town of Norton, Virginia, locally known as the Hotel Norton; that process was served on Webb Willitts and him, as president and manager, respectively, of Hotel Norton, Incorporated; that no such corporation does or ever did exist; that he and Willitts are manager and president, respectively, of Norton Realty Corporation, and not Hotel Norton, Incorporated, located in Norton, Wise county, Virginia; that Mathews is informed and believes that the alleged cause of action set out in the notice of motion in the case at bar, if there be any right of action, is against the Norton Realty Corporation, or at least should be, and that there is no such organization as the Norton Hotel, Incorporated.

"On November 15, 1933, the plaintiff by counsel filed a motion to amend his notice by inserting the correct name of the defendant therein, to-wit: Norton Realty Corporation, in place of the incorrect nomenclature, Norton Hotel, Incorporated."

Leave to amend was denied, permission to withdraw the plea of not guilty was granted, and the action was dismissed. The only question presented, is whether the trial court committed error in refusing to permit plaintiff to make the amendment requested.

Defendant contends that notwithstanding it had made a general appearance, the process was void and open to attack at any time. The only authority cited to support this position is *Warren* v. *Saunders*, 27 Gratt. (68 Va.) 259. In that case the cause of action grew out of a contract, and arose in James City county: the one defendant resided in the city

of Richmond. The action was begun in James City county, but the process was directed to the sheriff of the city of Richmond and there served by him. The defendant in due time filed a plea in abatement based upon the above stated facts. There was an objection to the plea on the ground that it did not aver in what county or corporation the cause of action arose. It was held that the illegality of the writ might be raised either by plea in abatement, or motion to quash, and that the plea was good even though it did not show the jurisdiction in which the cause of action arose. There is dictum in the opinion which supports the defendant's contention, but the language of the court must be read in connection with the facts.

In *Monroe* v. *Redman,* 2 Munf. (16 Va.) 240, it was held that it was too late after issue had been joined to object to the jurisdiction of the court on the ground that the defendant was a non-resident.

It is necessary, in the orderly administration of justice, that the identification of parties to a cause be certain. Hence one of the rules of good pleading requires that the correct name of the parties litigant be used in the pleadings. When this rule is observed there follows in symmetrical order, the pleadings, the verdict, the judgment and the execution. The officer to whom an execution is directed, is thereby ordered to seize so much of the goods and chattels of the judgment debtor as may be necessary to pay the judgment debt. These matters are elemental, and a mere restatement of them discloses the necessity for definiteness and accuracy in naming the defendant. See *Tompkins* v. *Branch Bank,* 11 Leigh (38 Va.) 372.

Process to commence an action or suit is ordinarily a summons commanding some officer to summon the defendant to answer the complaint of the plaintiff at a time and place named in the summons. The notice of motion is a substitute for the writ and declaration in common law actions. It notifies the defendant when and where he is to appear, and sets forth the cause of complaint; Burks' Plead-

ing and Practice (2d Ed.) 220. After general appearance and plea to the merits no defect in the process or its service is available to the defendant. "It is well settled that if process be illegally issued, or executed, the validity of such process or return can be raised by a motion to quash, as well as by a plea in abatement. * * * But if such motion be not made and disposed of before appearing to the action, or before taking or consenting to a continuance, the party is held to have waived all defects in the process and service thereof." *Lane Bros. & Co.* v. *Bauserman,* 103 Va. 146, 149, 48 S. E. 857, 858, 106 Am. St. Rep. 872. "Objections which do not go to the substance of an action are treated as waived if not made when the occasion for them arises." *New River Mineral Co.* v. *Painter,* 100 Va. 507, 509, 42 S. E. 300, 301.

The question is thus reduced to whether a material amendment in a declaration may be made after the parties have joined issue on the merits.

In *Parke, Davis & Co.* v. *Grand Trunk Railway System,* 207 Mich. 388, 174 N. W. 145, 146, quoting from 31 Cyc. 487: "As a general rule, under the statutes, a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties. But where the right corporation has been sued by the wrong name and service has been made upon the right party, although by a wrong name, an amendment substituting the true name of the corporation may be permitted. * * * Where a corporation is known by several names and is sued under one of them, an amendment placing the fact of the identity of the corporations in issue is proper." The court added, "In applying this rule, great care should be exercised to see that the right party has been served with process."

Chief Justice Campbell in *Leckie* v. *Seal,* 161 Va. 215, 170 S. E. 844, 846, reaffirmed the doctrine in Virginia, thus: "In 1 Va. L. R. 548, the Virginia rule is thus stated: 'Where the mistake in the name of the corporation, whether plaintiff or defendant, is slight, and it clearly appears what corporation is meant—or as it is sometimes expressed,

where the pleading incorrectly *names* a corporation, but correctly describes it—the mistake is amendable, and can be taken advantage of only by plea in abatement. But where 'the error is so material (especially, it is said, in the name of the defendant) that *no such* corporation exists, it is fatal at the trial. 1 Thomp. Corp. 290 *et seq.;* 1 Morawetz, Corp. (2d Ed.) 354, 355; *Bank of Va.* v. *Craig,* 6 Leigh (33 Va.) 399; *Mason* v. *Farmers Bank,* 12 Leigh (39 Va.) 90. Nor is the result last stated obviated, as it would seem, by the provision of section 3258 (1930 Code, section 6101) of the Virginia Code, which applies only where the misnomer was pleadable in abatement at common law.' "

■ From the allegation and proof, it is clear that plaintiff was injured in August, 1932, while a guest at a hotel in the town of Norton, Wise county, Virginia; that this hotel was known as the Norton Hotel, under the management of one Chas. E. Mathews; and that the cause of action was against the owner and operator of this particular hotel. The proper officers of the party conducting this hostelry, were served with process; after which a plea to the merits, with the name, Hotel Norton, Inc. signed thereto, was filed. Plaintiff had so named defendant in his declaration, with the words "Hotel" and "Norton" transposed, an immaterial variance.

■ Thus it appears that both plaintiff and defendant were inaccurate in use of defendant's name in the pleading. There was no substitution of parties, no one was misled by these mistakes, both parties recognized the fact that the plaintiff had instituted his action against the operator of the Norton Hotel. Whatever name it used, or by which it was known, the real defendant was the owner and operator of the Norton Hotel, in the town of Norton, Wise county, Virginia, the party through whose negligence plaintiff alleged he had been injured. "A corporation may be known by several names, as well as a natural person, and a recovery may be had against it in its true name *provided its identity*

*be averred in pleading and apparent in proof."  Langhorne v. Richmond City R. Co.,* 91 Va. 364, 366, 22 S. E. 357.

The plaintiff in describing defendant in his declaration had used the wrong name, but a name by which defendant was known to the public. When defendant was served with process it knew it was the party against whom the action was instituted, and in compliance therewith it made a general appearance before a court of competent jurisdiction and pleaded to the merits. It was then before the court in that action, for all purposes. As soon as plaintiff was informed that in his declaration he had incorrectly named the defendant, who was then before the court, he immediately asked permission to amend by inserting the right name. Under the liberal construction of the provisions of Code, section 6104, the amendment should have been allowed.

For the reason stated the judgment is reversed, and the case remanded, with directions to the trial court to permit the amendment requested by plaintiff.

*Reversed and remanded.*