## CIRCUIT COURT OF ARLINGTON COUNTY

Myers

v.

Walter Emerson Faison

March 14, 1978

Case No. (Law) 19265

By JUDGE CHARLES S. RUSSELL

Plaintiff moved the Court for leave to amend the Motion for Judgment in this case, pursuant to Code, Sec. 8.01-6, to change the name of the Defendant to correct an alleged misnomer.

The facts, agreed by counsel, are to the effect that the Plaintiff was involved in a collision in Arlington County on April 6, 1975, with an automobile which was operated by George Toel Faison. The car was owned by George's father, Walter Emerson Faison. There are no allegations of agency connecting the two Faisons. Through inadvertent error, Plaintiff sued only Walter Emerson Faison, and did not learn until discovery depositions were taken that he had named the wrong individual in the Motion for Judgment. A reading of the Motion for Judgment makes it clear that the cause of action is asserted only against the driver of the Faison vehicle, who proves in fact to have been George, not Walter. The Statute of Limitations has run as to George.

Defendant objects to the Motion for Leave to Amend and contends that an entirely different individual would be substituted as a defendant having no relationship of interest with the Defendant named in the Motion for Judgment. When the matter was argued on February 17, 1978, a decision was announced in Plaintiff's favor. Before

a draft order was presented, however, Defendant moved for reconsideration, submitting additional authorities, and decision was reserved and taken under advisement.

Upon reconsideration, I have concluded that the Defendant's position is sound and that the Motion for Leave to Amend should be denied. George Toel Faison is the son of the Defendant named in the Motion for Judgment, and probably has actual knowledge of the pendency of the suit against his father. It is also probable that the same insurance policy covers both and that the carrier has at all times had knowledge of the true facts. The fact remains, however, that George was never served with process and is an entirely separate individual who must, if the amendment be allowed, now be brought before the Court by original process to be served upon him in one of the modes prescribed by law. He must then have an opportunity to plead. He would be armed with a defense which was not available to his father, the Statute of Limitations. The Misnomer Statute was never intended to cover a situation in which an entirely distinct individual was to be substituted for the party originally sued. *Rockwell* v. *Allman*, 211 Va. 560 (1971); *Leckie* v. *Seal*, 161 Va. 215 (1933). Rather, it exists to cover a situation in which the defendant is correctly described but wrongly named, as in a case where a corporate name is misspelled, inverted or mistaken for the corporation's registered trade name, e.g., *Jacobson* v. *Southern Biscuit Company*, 198 Va. 813 (1957). Where an entirely distinct individual is to be substituted as a defendant, constitutional notions of due process must give him the benefit of all of the defenses he may be entitled to plead.