## CIRCUIT COURT OF CHESTERFIELD COUNTY

Norma S. Dunn

v.

Ronald Lambert

April 7, 1988

Case No. (Law) 2396-87

By JUDGE WILLIAM R. SHELTON

The plaintiff in the above-styled action sued "Ronald Lambert, Proprietor of G. and R. Associates, trading as G. and R. Amoco," in a suit filed on November 19, 1987, as a result of injuries she allegedly sustained on November 28, 1985. Service was obtained on Mr. Lambert on November 24, 1987.

The defendant filed a demurrer on the grounds that the premises are owned by a corporate entity, G. and R. Associates, Inc., and that there is no liability assessable against Lambert as an individual. No service was effectuated on the corporation because the corporation was not named as a defendant.

At the hearing on the defendant's demurrer, the plaintiff sought leave to amend the motion for judgment, alleging the defect in the pleadings amounted to a misnomer and thus could be cured by amending the pleadings under Va. Code Section 8.01-6. It is well established that the misnomer statute was intended to correct mistakes in name but not in person, *Rockwell v. Allman*, 211 Va. 560 (1971). Here the plaintiff sued an individual, not the separate corporate entity.

The misnomer statute was not designed to substitute a correct party when an incorrect party, although related,

is sued. Ronald Lambert, individual, is a totally separate legal entity from G. and R. Associates. The pleadings indicate that Ronald Lambert, as proprietor, was sued as an individual. Plaintiff's failure to name the correct defendant is a material error and one that the misnomer statute was not intended to cure.

I ask Mr. Hixon to prepare the appropriate order sustaining the demurrer.