## CIRCUIT COURT OF CULPEPER COUNTY

Lisa Payne

v.

Smith, Kline,
Beecham Clinical
Laboratories, Inc.

February 20, 1992

Case No. 91-L-147

BY JUDGE LLOYD C. SULLENBERGER

On June 12, 1991, plaintiff Lisa Payne brought a products liability suit against "Smith, Kline, Beecham Clinical Laboratories, Inc., t/a Smith, Kline, Beecham," (hereinafter in this form, defendant), a Delaware corporation.

She alleges she bought on June 28, 1989, a product OXY-10 made by "Revlon," which product, when used by her on July 1, 1989, caused harm to her. She alleges that "Smith, Beecham, Kline" was the successor in interest to Revlon's rights and liabilities in and for OXY-10.

"SmithKline Beecham Clinical Laboratories, Inc." filed a grounds of defense denying, among other things, that Revlon manufactured OXY-10 at the time of plaintiff's use, or that "Smith, Beecham, Kline" was successor to Revlon as to OXY-10. It further averred that plaintiff's injuries, if any, resulted from acts or omissions of parties not under control of SmithKline Beecham Clinical Laboratories, Inc.

In a bill of particulars filed on plaintiff's motion by SmithKline Beecham Clinical Laboratories, Inc., it states that it does not manufacture or market OXY-10.

On January 7, 1992, plaintiff filed a "motion to correct misnomer" under Va. Code § 8.01–6.

Plaintiff recites the suit against defendant; that in response to an interrogatory, a copy of which is in the record, an officer of

SmithKline Beecham Clinical Laboratories, Inc., stated that SmithKline Beecham Consumer Brands currently manufactures OXY-10; that in 1989 Beecham, Inc., a Tennessee corporation, was responsible for the manufacturing and marketing of OXY-10; that effective January 1, 1990, SmithKline Beecham Consumer Brands was organized as a general partnership in which Beecham, Inc., and SmithKline Beecham Corporation, a Pennsylvania corporation, were the partners; that SKBL, Inc., owns all shares of SmithKline Beecham Clinical Laboratories, Inc.; that neither SKBL, Inc., nor SmithKline Beecham Clinical Laboratories, Inc., nor any of their subsidiaries owns any interest in SmithKline Beecham Consumer Brands, the general partnership.

The motion does not state precisely what name is to be substituted, and no affidavit is attached. *See* Va. Code § 8.01-6. The court assumes that plaintiff seeks to change the name of the party sued to "SmithKline Beecham Consumer Brands," a general partnership. Counsel assumed this in argument.

SmithKline Beecham Clinical Laboratories, Inc., says there is no misnomer but a wrong party sued, and that since it has no involvement with the allegedly faulty product, summary judgment in its favor should be granted.

Oral argument was heard on January 14, 1992, and transcribed at the direction of the court.

In addition to what is set out above, plaintiff's counsel stated that Edward R. Parker is the registered agent for SmithKline Beecham Clinical Laboratories, Inc., the party named as defendant, and for Beecham, Inc., the corporation which manufactured and marketed the product in 1989 and which is now a general partner in SmithKline Beecham Consumer Brands.

Va. Code § 8.01-6 provides that a misnomer in any pleading may be amended by inserting the right name.

Plaintiff relies on *Baldwin v. Norton Hotel*, 163 Va. 76 (1934), wherein a guest injured at the Norton Hotel sued Norton Hotel, Incorporated. Process was served on one person as president of the Norton Hotel Corporation and another person as manager of Norton Hotel, Incorporated.

Neither Norton Hotel Corporation nor Norton Hotel, Incorporated, existed. The corporation operating the Norton Hotel was Norton Realty Corporation. The persons served were the president and manager of the Norton Realty Corporation.

The Supreme Court of Virginia held that amendment to correct the name of the corporate defendant should have been permitted. The Supreme Court found that plaintiff had used a name by which defendant was known to the public and that when defendant was served with process, it knew it was the party against whom the action was instituted and made a general appearance.

Plaintiff also relies on *Jacobson v. Southern Biscuit Company, Inc.*, 198 Va. 813 (1957), where an account creditor sued Southern Biscuit Company, Incorporated, a Virginia corporation, in 1955 on a 1952–53 account in the name "Southern Biscuit Co." Process was served on a person whom the return stated was "Asst. Secty. Southern Biscuit Co., Inc."

Plaintiff almost immediately moved to amend to name the defendant as Weston Biscuit Company, Inc., a Delaware corporation, doing business in Virginia as Southern Biscuit Company.

Southern Biscuit Company, Inc., once an independent corporation, later was a wholly owned subsidiary of Weston Biscuit Company, Incorporated, was dissolved at the end of 1950. Then Weston domesticated in Virginia and filed a fictitious name certificate showing it doing business as Southern Biscuit Company. The person served was the Assistant Secretary-Treasurer of Southern Biscuit Company, a division of Weston. He knew the claim was on a contract made by Weston in its trade.

The Supreme Court of Virginia found that the amendment should have been allowed.

Both sides refer to *Rockwell v. Allman*, 211 Va. 560 (1971), wherein plaintiff sued for personal injury a sheriff-administrator which he had had appointed. Later it was learned that an administrator had been appointed in the jurisdiction where the tortfeasor had lived, and the appointment of the sheriff-administrator was void.

Plaintiff sought to substitute the administrator, claiming misnomer. The Supreme Court held that substitution was not proper, stating that a misnomer is a mistake in name, but not person. It found that the wrong person was sued.

The court concludes in the case at bar that there is more than a misnomer. Plaintiff has sued "Smith, Kline, Beecham Clinical Laboratories, Inc." As SmithKline Beecham Clinical Laboratories, Inc., a Delaware corporation, it has made a general appearance, denying liability to plaintiff for numerous reasons, including that someone else is responsible for the product of which plaintiff complains.

The evidence, the sworn interrogatories, establishes that SmithKline Beecham Clinical Laboratories, Inc., has had nothing to do with manufacturing or marketing OXY-10; that it is neither a parent nor subsidiary of either Beecham, Inc., a Tennessee corporation, which in 1989 manufactured and marketed OXY-10, or of SmithKline Beecham Corporation, a Pennsylvania corporation, which with Beecham, Inc., has created the general partnership known as SmithKline Beecham Consumer Brands, which now markets the product.

That Edward R. Parker is registered agent for both of the foreign corporations, SmithKline Beecham Clinical Products, Inc., and Beecham, Inc., is wholly different from *Baldwin* and *Jacobson*, in which a non-existent corporation was sued and process was served on an officer of the entity which was intended to be sued, the officer knowing of the claim, on its basis.

Although SmithKline Beecham Clinical Laboratories, Inc., and Beecham, Inc., and SmithKline Beecham Corporation, the partners in SmithKline Beecham Consumer Brands, are somewhere slightly related in the corporate chain (see argument of counsel for SmithKline Beecham Clinical Laboratories, Inc., at p. 16), there is not simply a misnomer but a wholly wrong party has been sued.

The motion for substitution of SmithKline Beecham Consumer Brands, a general partnership, for SmithKline Beecham Clinical Laboratories, Inc., a Delaware corporation, will be denied.

Since the parties before the court agree that SmithKline Beecham Clinical Laboratories, Inc., had nothing to do with the manufacture or marketing of the allegedly faulty product, summary judgment will be entered in favor of SmithKline Beecham Clinical Laboratories, Inc.