## CIRCUIT COURT OF FAIRFAX COUNTY

Theresa Claiborne

v.

Ayalnew Bernanu
and Better Business
Connections, Inc.

December 10, 1997

Case No. L158365

BY JUDGE DENNIS J. SMITH

The Special Plea of the Statute of Limitations for this case was heard on Friday, November 14, 1997. The Court did not decide on the Special Plea at that time but instead took the matter under advisement. This letter is to notify [counsel] of the Court's ruling on the motion.

I. *Factual and Procedural Background*

On January 22, 1995, Ayalnew Bernanu crashed a van he was driving marked "BBC Express," allegedly injuring passenger Theresa Claiborne. Bernanu was an employee of a company under contract with United Airlines to transport United employees to and from local airports and hotels. Claiborne was a United pilot. On January 17, 1997, Plaintiff Claiborne filed a Motion for Judgment against Defendants Ayalnew Bernanu, BBC Van Service, Inc., and BBC Express, Inc. Attorney Mark Dycio was listed as the registered agent for both defendant corporations. BBC Express, Inc., was served through its registered agent on January 29, 1997.

In Count I of the Motion for Judgment, Plaintiff Claiborne alleged that her injuries were caused by Defendant Bernanu's negligent operation of the van. In Count II, Plaintiff alleged Defendant BBC Van Service, Inc., is "the successor corporation to BBC Express, having assumed its assets, liabili-

ties, personnel, and operational territories; or . . . was in fact the owner of the van involved in the accident . . . and trading under the name of BBC Express." The Motion for Judgment alleged Ayalnew Bernanu was acting within the scope of his employment at the time of the accident, and Plaintiff prayed for judgment against the Defendants jointly and severally.

On July 24, 1997, Plaintiff moved to amend the Motion for Judgment to correct a misnomer, inserting the name Better Business Connections, Inc., in lieu of BBC Express, Inc., and to dismiss BBC Van Service, Inc., as a defendant. Plaintiff offered the following reasons in support of the motion: (1) the Van's marking read "BBC Express," (2) the investigating officer listed the van's owner as BBC Express, (3) Attorney Mark Dycio is listed as registered agent of BBC Express, (4) BBC Express is the trade name of Better Business Connections, (5) Better Business Connections received notice of the suit through their registered agent, Mark Dycio. Plaintiff also dismissed the claim against BBC Van Service, Inc., stating the corporation was not involved in this incident. Plaintiff's motion was granted on August 12, 1997.

Plaintiff's Amended Motion for Judgment listed Ayalnew Bernanu and Better Business Connections, Inc., t/a BBC Express, as Co-Defendants. Attorney Mark Dycio was the registered agent for Better Business Connections. The Amended Motion for Judgment alleges Plaintiff Claiborne's injuries were caused by Defendant Bernanu's negligent operation of the van, the van was leased by Defendant Better Business Connection, and Defendant Bernanu was Defendant Better Business Connection's "agent, servant, and/or employee . . . who was at all times . . . acting within the scope of his employment." Plaintiff prayed for judgment against the Defendants jointly and severally.

On October 29, 1997, Defendant filed a Special Plea of the Statute of Limitations which was argued before the Court on November 14, 1997.

## II. *Amending Pleading for Misnomer and Relation Back*

Virginia has a two-year statute of limitations for personal injury claims. The van accident occurred on January 22, 1995. Plaintiff's Motion for Judgment was filed on January 17, 1997, within the two-year period. The Motion for Judgment was served on BBC Express, Inc., on January 29, 1997. Plaintiff was granted leave to amend the Motion for Judgment on August 12, 1997.

A relevant statute on this issue is Va. Code Ann. § 8.01-6 (Michie 1992). That section permits certain amended pleadings to relate back to the filing of the original pleading. Specifically, the statute states:

> A misnomer in any pleading may . . . be amended by inserting the right name. An amendment . . . to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The first issue is whether Plaintiff's Amended Motion for Judgment corrects a misnomer. "A misnomer is a mistake in name, but not in person." *Rockwell v. Allman*, 211 Va. 560, 561 (1971). If a person is reasonably described by a particular name, there may be a misnomer correctable by amendment; on the other hand, if a name describes someone else, it is an incurable defect of fact. W. Hamilton Bryson, *Handbook on Virginia Civil Procedure*, 145 (2d ed. 1989). An amendment is permitted where the right party is before the court under the wrong name. "If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated." *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817 (1957).

In the case at hand, Plaintiff's Motion for Judgment named BBC Express as a defendant. The Amended Motion for Judgment dismissed BBC Van Service and inserted Better Business Connections in lieu of BBC Express, Inc. Plaintiff alleged Better Business Connections traded as BBC Express. The facts show that Plaintiff merely made a mistake in name, and the right party is before the court under the wrong name. Better Business Connections is not a new party to the suit. BBC Express and Better Business Connections have the same registered agent. The van says "BBC Express" on the side. In addition, Plaintiff states in the Amended Motion for Judgment that BBC Express is the trade name of Better Business Connections.

The facts of this case differ from those in *Rockwell*, where the court denied amendment of the pleadings because the new named party was a totally different group of people with no notice of the suit. Instead, the facts are more similar to *Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957). In *Jacobson*, the amended pleading changed the name of the corporate defendant. The companies had the same statutory agent, the second named company did business under the first company's name, the second company's products carried the name of the first named company, and the second company knew of the suit. Since the right party was before the court under a wrong name, the court permitted an amendment to cure the misnomer, notwithstanding the running of the statute of limitations.

The ruling in *Jacobson* was based on the Court's previous decision in *Baldwin v. Norton Hotel*, 163 Va. 76 (1934). In *Baldwin* the action was against "Norton Hotel, Incorporated." There was no corporation of this name, but Norton Realty Corporation owned and operated the hotel, known as Hotel Norton. The trial court denied Plaintiff's motion to change the name of the defendant. The Virginia Supreme Court reversed, holding that amendment should have been allowed, pointing out that "whatever name it used, or by which it was known, the real defendant was the owner and operator of the Norton Hotel . . . and that while the plaintiff had used the wrong name in describing the defendant, it was a name by which the defendant was known to the public, and when process was served, the real defendant knew it was the party against whom the action was instituted." Therefore, like *Jacobson* and *Baldwin*, Plaintiff's Amended Motion for Judgment corrects a misnomer. The right party was before the court under the wrong name.

Defendant asserts that Better Business Connections, Inc., must have had notice of the action within the two-year period of the statute of limitations. Virginia Code § 8.01-6(ii) states the Amended Motion for Judgment relates back only if the party brought in by the amendment received notice within the statute of limitations. However, this section of the statute does not apply in this case. Virginia Code Ann. § 8.01-6 not only applies to misnomers, but also to when the amendment *changes the party* who has been sued. Part (ii) applies when the amendment changes the party to be sued, not when a mere misnomer has occurred. The language "whether to correct a misnomer or otherwise" was added to the statute in an attempt to clarify that the statute's application was not limited to misnomers. In fact, a misnomer does not "change the party" but merely correctly names the party. Therefore, it is only when a new defendant is being substituted for the original defendant that the new defendant must have known of the ac-

tion within the statute of limitation period. The "position that the pendency of the action must be known by the actual defendant within the applicable statute of limitations in order for the Court to allow the correction of a misnomer is not only unsupported by judicial precedents but is also inconsistent with Virginia procedure." *Whelan v. DavCo Restaurants, Inc.*, 38 Va. Cir. 105 (19th Cir. 1995). Virginia law states that the statute of limitations is tolled upon the filing of the suit, not upon the service on the defendant. For these reasons, Plaintiff was not required to give Better Business Connections notice of the action within the applicable limitations period.

Defendant's Special Plea of the Statute of Limitations is accordingly denied.