# CIRCUIT COURT OF SCOTT COUNTY

Louise Minor

v.

Gal-Tenn Corp.,
t/a Ramada Inn

June 1, 1998

Case No. CL96-107

BY JUDGE FORD C. QUILLEN

The matter before the court is the defendant's Plea in Bar. The Court has considered the amended pleadings by the plaintiff, affidavits, memoranda, exhibits, and testimony heard by the Court on February 9, 1998.

### Summary of Facts

The plaintiff alleges that she was injured in a fall at the Ramada Inn in Duffield, Virginia, on November 5, 1994. Counsel for the plaintiff filed a Motion for Judgment with this Court on November 1, 1996. The two year statute of limitations expired shortly thereafter.

The plaintiff's original Motion for Judgment incorrectly named the Amhost Corporation as the responsible party. The Ramada Inn in Duffield did not receive service of process and was not listed on the summons served on Amhost. On February 7, 1997, counsel for the plaintiff attempted to amend the pleadings after the statute of limitations expired. The Plaintiff's counsel argues that under Virginia Code § 8.01-6, the amended pleading corrects a misnomer that relates back to the original pleading.

The defendant subsequently filed a Plea in Bar on May 12, 1997, alleging that the plaintiff's amended pleadings does not cure a misnomer and fails to relate back to the original pleadings.

The plaintiff also argues in the alternative that the defendant should be estopped from raising the statute of limitations as a defense. This argument is based on the defendant's failure to comply with Virginia Code § 59.1-69, thus raising the question of whether a franchisee operating under an assumed name in the Commonwealth is exempt from filing a certificate with the State Corporation Commission.

The central issue before the court is whether the plaintiff is time barred from amending her pleadings despite the fact that the franchisee defendant, operating under an assumed name, did not file a certificate with the State Corporation Commission pursuant to Virginia Code § 59.1-69. The court will also consider the plaintiff's claim that the defendant is estopped from raising the defense of the statute of limitations.

### I. Can the Plaintiff Amend the Pleadings Under Va. Code § 8.01-6?

According to Virginia Code § 8.01-6, "An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading ... ."

The actual corporation that owns and operates the Duffield Ramada Inn is the Gal-Tenn Hotel Corporation. Gal-Tenn is not affiliated with the Amhost Corporation. It is the opinion of this court that listing the Amhost Corporation as the responsible party is a material error. The Supreme Court of Virginia has held "[b]ut where the error is so material (especially in the name of the defendant) that no such corporation exists, it is fatal at the trial; nor is the result last stated obviated ... ." *Leckie v. Seal*, 161 Va. 215 (1933).

The Court also finds relevant case law in *Bryant Elec. Co. v. Joe Rainero Tile Co.*, 84 F.R.D. 120 (W.D. Va. 1979). In *Bryant*, the plaintiff's complaint contained the incorrect name, but the correct party had been placed on notice. Since the correct party had notice of the pending litigation before the statute of limitations expired, the court allowed the amended pleadings to relate back. The court stated that the purpose of Virginia Code § 59.1-69 is "to prevent fraud and to compel an individual or a corporation to disclose the name of the real owner of the business, in *order that the person or corporation may sue in or be sued by the proper name.*" *Id.* (emphasis added).

There is a crucial distinction between these two cases cited by the court and the case at bar. The cases discussed above involved instances where the plaintiff had the correct party before the court but listed the incorrect name.

Here the plaintiff not only had the incorrect name but the incorrect party as well. The record shows no indicia that the Gal-Tenn Hotel Corporation received notice of the litigation or should have known or had reason to know of the pending action. The Court holds that Virginia Code § 8.01-6 is not applicable in this case. It is the opinion of this Court that the plaintiff committed a material error in listing the Amhost Corporation as responsible party.

The court finds compelling precedent regarding misnomer in *Walker v. McDonald's Corp.*, 18 Va. Cir. 22 (1988). Here the plaintiff attempted to amend his pleadings and substitute a new party, McDonald's Restaurants of Virginia, in place of the McDonald's Corporation. The plaintiff argued that the amendment should have been granted in order to cure a misnomer. However, the *Walker* court stated that "[a]lthough McDonald's Corporation and McDonald's Restaurants of Virginia have similar names, they are separate and distinct entities." *Id.* at 23. In *Walker*, the court refused to allow the amended pleadings to cure a misnomer although both corporations had the same address, the address of the facility where the accident occurred was correctly stated, and the plaintiff had served the correct registered agent. *Id.* Identical to the case now before the court, the plaintiff in *Walker* had the wrong name and the wrong party. The Court uses *Walker* as guidance in finding that the plaintiff's amended pleading shall not be allowed to relate back to the original pleading.

## II. *Must a Franchisee Comply with Va. Code § 59.1-69?*
## *Does Failure to Comply Toll the Statute of Limitations?*

Virginia Code § 13.1-559(b)(1) and (2) defines a franchise as a written contract or agreement between two or more persons, by which a franchisee is granted the right to engage in the business of offering, selling, or distributing goods or services at retail under a marketing plan or system prescribed in substantial part by the franchiser and is substantially associated with the franchiser and is substantially associated with the franchiser's trademark, service mark, trade name, logotype, or other commercial symbol designating the franchiser or its affiliate.

A franchise that conducts business within the Commonwealth must register an application and registration fee with the State Corporation Commission in accordance with the Retail Franchise Act, Virginia Code § 13.1-561. Gal-Tenn contends they have complied with this Act and are exempt from complying with Virginia Code § 59.1-69.

Under § 59.1-69, the defendant must file a certificate with the State Corporation Commission if the party conducts business under an assumed name. In determining the issue of whether a franchisee must comply with Virginia's Fictitious Name Statute, the Court finds it imperative to consider the purpose and intent of both statutes.

The purpose of the Retail Franchising Act is "to regulate commerce partly or wholly within the Commonwealth of Virginia" to correct "such inequities as may exist in the franchise system so as to establish a more even balance of power between franchiser and franchisees; to require franchiser to deal fairly with their franchisees … and to provide franchisees more direct, simple, and complete judicial relief against franchisers who fail to deal in a lawful manner with them." *See* Virginia Code § 13.1-558.

Virginia Code § 59.1-69, requires a corporation or a limited liability company conducting business in the Commonwealth of Virginia under a fictitious name to file a certificate with the State Corporation Commission. The Court disagrees with the defendant's claim that a franchisee is exempt from complying with this Statute.

The intent of Virginia Code § 59.1-69 is to protect the public by "giving information as to the person with which it deals and to afford it protection against possible fraud and deceit." *Tate v. Atlanta Oak Flooring Co.*, 179 Va. 365 (1942). The Statute was also enacted, "in order that the person or corporation may sue in or be sued by the proper name." *Leckie v. Seal*, 161 Va. 365 (1942). The court finds nothing in Virginia Code § 13.1-558 that would exempt a franchisee from complying with Virginia Code § 59.1-69.

Failure to file a certificate bars the noncomplying party from maintaining a cause of action until the proper certificate is filed with the State Corporation Commission. *See* Virginia Code § 59.1-76. Yet non-compliance is not an absolute bar to a party that attempts to bring a cause of action. In *Phlegar v. Virginia Foods, Inc.*, 118 Va. 747 (1949), the Supreme Court of Virginia held that failure to comply with the fictitious name statute "does not render the cause of action illegal. It is not the right to begin the action, but the right to maintain it, that is withheld for failure to comply with its terms. It takes no right away from the offending party after compliance. When its terms are met, the barriers theretofore existing are removed." Thus the question becomes does the failure of a franchisee to file an assumed name certificate with the State Corporation Commission toll the statute of limitations. The court finds no precedent to support the tolling of the statute of limitations in the present case by reason of Virginia Code § 59.1-76.

Under Virginia Code § 8.01-229(D)(ii), the statute of limitations can be tolled by the obstruction of filing by a defendant "using any other direct or

indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which such action must be brought."

However, Virginia's Supreme Court has interpreted that for § 8.01-229(D)(ii) to be applicable, "[t]here must be some trick or contrivance intended to exclude suspicion and to prevent inquiry." "Concealment by mere silence is not enough." *Culpeper Nat'l Bank v. Tidewater Imp. Co.*, 119 Va. 73 (1916), citing *Wood v. Carpenter*, 101 U.S. 143. In order to bar the defendant from raising the statute of limitations, the fraud committed by the defendant must involve moral turpitude. *Id.* The court finds that the defendant's failure to file the proper certificate under Virginia Code § 59.1-76 does not constitute the character of fraud that would toll the statute of limitations in this case. The Court reaches the conclusion that fraud was not present in this case based on the following facts:

1. The name of the owner and operator is posted in the lobby of the Ramada Inn of Duffield;

2. Gal-Tenn's name appears on the receipts issued in Ramada Inn's restaurant, and;

3. One of the plaintiff's attorneys, Carl McAfee, was informed that Gal-Tenn owned the hotel when he called the Ramada Inn of Duffield and inquired.

These facts absolve the defendant of engaging in any active concealment or fraudulent conduct that would have tolled the statute of limitations.

Nevertheless, the Court holds that a franchisee operating under a fictitious name should be required and expected to file a certificate with the State Corporation Commission required by Virginia Code § 59.1-69. Failure to comply imposes an unnecessary duty on the plaintiff to search for the correct party to sue and to determine the identity of the registered agent. Without a uniform system to supply individuals with the needed information to initiate a lawsuit, a potential plaintiff may not be able to seek a remedy or redress against a responsible party. The Commonwealth must require franchisees to file this proper information with the State Corporation Commission. To the dismay of this Court, Virginia's Fictitious Name Statute is too ambiguous for this Court to hold that a defendant franchisee is barred from defending an action when in non-compliance.

This issue should be promptly addressed by our legislature in order to avoid further confusion. The language of the Statute should be changed to explicitly contain franchisees and should additionally bar corporations that have failed to file the proper certificate from defending an action until it has complied with the statute. Failure of a franchisee to file a certificate with the

State Corporation Commission clearly frustrates the intent of the Fictitious Name Statute.

Individuals must be presented with reasonable means of determining the responsible parties and the identity of the corporation's registered agent.

### III. *Is the Defendant Estopped from Raising the Defense of the Statute of Limitations?*

The plaintiff in this matter also argues that the defense of equitable estoppel bars the defendant from raising the Statute of Frauds. Elements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment. *T. v. T.*, 216 Va. 867, 224 S.E.2d 148 (1976), citing *United States v. Fidelity & Cas. Co. of N.Y.*, 402 F.2d 893 (4th Cir. 1968). As mentioned earlier, there is no indication that the defendant committed fraud or attempted to conceal the identity of the Gal-Tenn Hotel Corporation. There was no misrepresentation of a material fact conveyed to the plaintiff. Plaintiff's counsel was informed that the Gal-Tenn Hotel Corporation owned the Ramada Inn of Duffield upon calling the hotel. Unfortunately the statute of limitations had already expired. This fact is sufficient evidence to show that Gal-Tenn did not misrepresent any facts or conduct itself in a fraudulent manner. The theory of equitable estoppel is not applicable in this case.

For the reasons given herein, the Court grants the defendant's Plea in Bar.