226

## CIRCUIT COURT OF THE CITY OF ROANOKE

Clella Porter Bryant

v.

Jeff Rorer,
d/b/a Mostly Sofa's

November 19, 2004

Case No. CL03001025-00

BY JUDGE JONATHAN M. APGAR

After reviewing the pleadings and briefs, the Court is now ready to rule. The defendant's Motion for Summary Judgment is granted.

*I. Facts*

The plaintiff, Clella Porter Bryant, alleges she fell on October 17, 2001, and was injured on the premises of Mostly Sofa's, [sic] a retail furniture store in Roanoke, Virginia. On September 10, 2003, she filed a negligence action naming "Jeff Rorer, d/b/a Mostly Sofa's" as the defendant. Service on the defendant was returned not found. On October 10, 2003, Bryant filed an Amended Motion for Judgment naming "Jeff Rorer, d/b/a Mostly Sofa's" as the defendant. The amendment was allowed by Order entered October 10, 2003. Jeff Rorer was served by substitute service on November 14, 2003.

Bryant's Amended Motion for Judgment alleged that, as the owner and operator of Mostly Sofa's, Rorer had breached an affirmative duty to use reasonable care to maintain the premises in a reasonably safe condition and this resulted in Bryant's injury. She maintains that she was informed that Rorer was responsible for the premises by telephoning the Mostly Sofa's store.

On December 2, 2003, Rorer filed a Grounds of Defense, denying that he was the proper defendant or that he was responsible for maintaining the premises. On July 20, 2004, he moved for summary judgment on the same grounds.

Discovery has shown the correct owner of the premises is Faith, Inc., a Virginia corporation with multiple shareholders. Mostly Sofa's is the trade name for Faith, Inc., and Jeff Rorer is the registered agent. Faith, Inc., has never filed any fictitious trade name certificate in the Roanoke City Circuit Court Clerk's Office. A person, partnership, limited liability company, or corporation transacting business under an assumed name must file a certificate setting forth the name of the business in the clerk's office in the city where the business is to be conducted. Va. Code § 59.1-69.

Bryant now seeks to amend her Amended Motion for Judgment under Virginia Code § 8.01-6 to change the named defendant from "Jeff Rorer, d/b/a Mostly Sofa's" to Faith, Inc., Rorer opposes this motion.

## II. Issue

When a plaintiff sues the wrong individual, does Virginia Code § 8.01-6 allow a correction to name the proper defendant, even though the statute of limitations had expired when the incorrect defendant was served?

## III. *Analysis*

On motion, a party may amend a misnomer in a pleading by inserting the right name. Va. Code § 8.01-6. Va. Code § 8.01-6 is a remedial statute that must be liberally construed in furtherance of legislative intent and purpose. *Carmel v. City of Hampton*, 241 Va. 457, 460, 403 S.E.2d 335, 337 (1991). "The legislature's intent must be determined from the words used, unless a literal construction of the statute would yield an absurd result." *Earley v. Landsidle*, 257 Va. 365, 369-70 (1999).

## A. *Misnomer*

Bryant's motion to amend the name of the defendant in her pleading from "Jeff Rorer, d/b/a Mostly Sofa's" to Faith, Inc., does not correct a misnomer because "Jeff Rorer, d/b/a Mostly Sofa's" and Faith, Inc., are separate legal entities.

The term "misnomer" is not defined in the Virginia Code. However, the Supreme Court of Virginia held that a misnomer arises when the proper party

is incorrectly named, not when there is a mistake in a party's identity. *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996). Thus, one defendant cannot be substituted for another under the guise of a misnomer.

Virginia courts have interpreted when a misnomer exists under Va. Code § 8.01-6. These cases typically involve misspelling, inverting, or use of a popular trade name instead of a real name. *See Baldwin v. Norton Hotel, Inc.*, 163 Va. 76, 82, 175 S.E. 751, 753 (1934); *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817-18, 97 S.E.2d 1, 4 (1957).

In contrast, when a named defendant exists, is served, and is the wrong party, courts have not allowed refuge in the misnomer statute. *See Myers v. Faison*, 4 Va. Cir. 468, 469 (Arlington County 1978); *Payne v. Smith*, 26 Va. Cir. 340, 343 (Culpeper County 1992); *Walker v. McDonald's Corp.*, 18 Va. Cir. 22, 23 (Fairfax County 1988). In *Walker*, the court refused to allow an amendment to substitute "McDonald's Restaurants of Virginia" for "McDonald's Corporation" under the misnomer statute, even though both had the same address, the address where the accident occurred was correctly stated, and the plaintiff served the correct registered agent. *Walker*, 18 Va. Cir. at 23. The court held they were separate entities. *Id.* Similarly, in *Dunn v. Lambert*, the plaintiff sued and served "Ronald Lambert, Proprietor of G. and R. Associates, trading as G. and R. Amoco" instead of "G. and R. Associates, Inc., a corporation." 12 Va. Cir. 178 (Chesterfield County 1988). The court held that the individual defendant and the corporation were separate legal entities and Va. Code § 8.01-6 was not intended to allow the substitution of a "correct party when an incorrect party, although related, is sued." *Id.* at 178-79.

Here, Bryant asserts that her motion under Va. Code § 8.01-6 to replace "Jeff Rorer, d/b/a Mostly Sofa's" with Faith, Inc., as the defendant, is the correction of a misnomer. She sued an individual, doing business under a trade name, as the defendant. The proper defendant is Faith, Inc., a valid corporation. Rorer is an officer of, and shareholder in, Faith, Inc., and is Faith, Inc.'s registered agent. Rorer knew that Mostly Sofa's was a trade name for Faith, Inc., and was aware from Bryant's complaint that the cause of action was for an injury suffered on the premises of Mostly Sofa's. However, Rorer and Faith, Inc., are still separate legal entities. Faith, Inc., was neither served nor named as a defendant. Service on Rorer was in his individual capacity, not as registered agent for Faith, Inc. Thus, Bryant's failure to name the correct defendant was a mistake in separate entities, not a mere misnomer.

Though Faith, Inc., and "Jeff Rorer, d/b/a Mostly Sofa's" are separate legal entities, Bryant could change the parties and have the amended pleading

relate back to the original pleading's date if the relation back provisions of Virginia Code § 8.01-6 would otherwise apply.

B. *Relation Back and the Statute of Limitations*

A misnomer in a pleading may be amended by inserting the right name. Va. Code § 8.01-6. An amendment changing a party, whether to correct a misnomer or otherwise, can relate back to the date of the original pleading if the amendment satisfies all four statutory requirements. *Id.* The relation back provisions of Va. Code § 8.01-6 "can apply when the party against whom a claim is asserted is changed," even if it is not a misnomer. *Gearing v. Every Citizen Has Opportunities, Inc.*, 59 Va. Cir. 41, 44 (Loudoun County 2002). Virginia Code § 8.01-6 reads:

> A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Va. Code § 8.01-6.

The amended pleading satisfies the first condition of Va. Code § 8.01-6 because it arises out of the same conduct, transaction, or occurrence as the original pleading. Bryant would press the same claim against Faith, Inc., as that against "Jeff Rorer, d/b/a Mostly Sofa's."

Similarly, the amended pleading satisfies the third statutory condition. If the amendment is granted, Bryant's claims will remain the same. Rorer knew that Bryant's Motion for Judgment should have been brought against the owner of Mostly Sofa's. Rorer knew that he did not own Mostly Sofa's, but that Faith, Inc., did. He is the registered agent for Faith, Inc., and received notice of the suit 28

days after the statute of limitations expired, but within the time required for service. Faith, Inc., would not be prejudiced in maintaining a defense.

Likewise, the amended pleading satisfies the fourth condition of Code § 8.01-6. Faith, Inc., "[knew or] should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." Va. Code § 8.01-6. Upon reading the pleading, Rorer should have known Bryant intended to sue Faith, Inc., even though Rorer was not served in his capacity as registered agent for Faith, Inc. Bryant alleged that the owner of Mostly Sofa's owed a duty to maintain the premises in a reasonably safe condition and the breach resulted in her injury. Faith, Inc., through its registered agent and officer, should have known that but for Bryant's mistake, the action would have been brought against it.

Bryant's amended pleading does not, however, meet the second condition of Code § 8.01-6(ii) that states "an amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if . . . (ii) within the limitations period prescribed for commencing the action against the party to be brought in . . . that party or its agent received notice of the institution of the action." Virginia circuit courts have held that Code § 8.01-6(ii), only applies "when the amendment changes the party to be sued, not when a mere misnomer has occurred." *Whelan v. DavCo Rests., Inc.*, 38 Va. Cir. 105, 108 (Fairfax County 1995); *Claiborne v. Bernanu*, 44 Va. Cir. 186, 189 (Fairfax County 1997). But when a new defendant is being substituted for the original defendant, the new defendant must have known of the action within the statute of limitations period. *Claiborne*, 44 Va. Cir. at 189. Rorer, registered agent for the correct defendant, was not served until after the applicable two-year limitations period had expired.

Bryant argues that her motion to change the named defendant from "Jeff Rorer, d/b/a Mostly Sofa's" to Faith, Inc., is the correction of a misnomer. However, because Bryant named the wrong defendant, she is not seeking to correct a misnomer, she is seeking to introduce an entirely new defendant. Because Faith, Inc., did not receive notice or service of this action within the statute of limitations period, relation back under Code § 8.01-6 is not available.

Imputing notice to a subsequently named but sufficiently related party to allow an amendment to relate back to the original complaint is not applicable when neither defendant received notice until after the limitations period expired. *Walker*, 18 Va. Cir. at 23. *See also Taylor v. Vance Int'l, Inc.*, 48 Va. Cir. 381, 383 (Fairfax County 1999). Here, Rorer, the original defendant, did

not receive notice of the action until November 14, 2003, 28 days after the "limitations period prescribed for commencing the action."

In order for relation back under § 8.01-6, an amendment must satisfy all four elements of the statute. Because subsection (ii) of § 8.01-6 has not been met, relation back cannot be permitted under Code § 8.01-6, and the Motion for Summary Judgment is granted.

## C. *Failure to File Fictitious Trade Name*

Virginia Code § 59.1-69 prohibits entities from conducting business in the Commonwealth under a fictitious name unless the entity signs a certificate identifying the name and files the certificate in the office of the Clerk of the Circuit Court in each county or city where business is to be conducted. The failure of an entity to comply with Code § 59.1-69 does not, however, alter its ability to defend against a motion under Code § 8.01-6, nor does it toll the statute of limitations. *Minor v. Gal-Tenn Corp.*, 47 Va. Cir. 53, 57 (Scott County 1998). In *Minor*, the court held that the main objective of the statute is to disclose the name of the real owner of the business, in order that the person or corporation may sue in or be sued by the proper name. However, the penalties for noncompliance provide little support for the tolling of the statute of limitations. Va. Code § 59.1-76. Faith, Inc., did not file a fictitious name certificate for the trade name Mostly Sofa's with the Roanoke City Circuit Court Clerk's Office as is required by § 59.1-69. This probably frustrated Bryant's ability to know whom to sue, but Faith, Inc.'s failure to file a fictitious name certificate does not affect the expiration of the statute of limitations. Consequently, plaintiff's motion is denied.

## *IV. Conclusion*

For the foregoing reasons, Bryant's motion to proceed under Virginia Code § 8.01-6 is denied and summary judgment for the Defendant is granted.