# CIRCUIT COURT OF FAIRFAX COUNTY

David Roper

v.

FCGMI, Inc.

## Case No. (Law) 2005-1008

BY JUDGE R. TERRENCE NEY

October 4, 2006

This matter came before the Court on Plaintiff David Roper's Motion to Amend Named Party Pursuant to Virginia Code § 8.01-6. After oral argument, the court took the matter under advisement.

## Facts

On February 16, 2005, Roper filed his Motion for Judgment against FCGMI, Inc. ("FCGMI") alleging that he incurred personal injuries at the Best Western Falls Church Inn ("Best Western") located at 6633 Arlington Boulevard, Falls Church, Virginia, on February 18, 2003. Roper's Mot. for J. ¶¶ 1, 2, 13, 14. Roper's receipt for his stay at the Best Western read "Best Western Falls Church Inn." Roper's Mot. to Amend Named Party Pursuant to Va. Code § 8.01-6, Ex. 2. A Fairfax County public records check did not reveal any business entities under that name. Mem. in Supp. of Plaintiff's Mot. to Amend at 2. Roper contacted the State Corporation Commission and discovered no filing for any business under "Best Western Falls Church Inn."

*Id.* at 3. The State Corporation Commission did report, however, that it had a listing for FCGMI, Inc., with a registered agent named Robert L. Kirby at the same address as the Best Western. *Id.*

On September 14, 2005, FCGMI's registered agent, Kirby, received Roper's Motion for Judgment. Defendant FCGMI, Inc.'s Opp'n to Plaintiff's Mot. to Amend at 1. FCGMI filed a Plea in Bar to dismiss it on the ground that Roper brought the action against the wrong entity as FCGMI claims that it has never owned, operated, or maintained the Best Western premises or hotel. Defendant FCGMI, Inc.'s Plea in Bar ¶ 2. FCGMI, formerly "FC Management, Inc.," the defendant claims, is not the same entity as "Falls Church Management, Inc.," the true operator of the Best Western. *Id.* ¶ 5.

In June 2006, the Circuit Court of Fairfax County held that FCGMI was not the owner or operator of the Best Western and the case was to be dismissed with prejudice unless a court determines that Roper is entitled to amend his Motion for Judgment. Order by Fairfax Circuit Court, June 29, 2006 (Judge Klein).

Roper filed a Motion to Amend Named Party Pursuant to Virginia Code § 8.01-6 in which he requested amending the name of the defendant due to a misnomer and confusingly similar name. Roper's Mot. to Amend Named Party Pursuant to Va. Code § 8.01-6, ¶ 1. Roper also claims that he was unable to distinguish between "FC Management" and the correct owner operator of the Best Western, "Falls Church Management, Inc.," because the owner operator never filed a fictitious name record in the public records of Virginia as required under Virginia Code § 59.1-69. *Id.* ¶ 2.

In its Opposition to Plaintiff's Motion to Amend, FCGMI contends that Roper's mistake was more than a misnomer, but rather that he failed to identify the proper defendant. Defendant FCGMI, Inc.'s Opp'n to Plaintiff's Mot. to Amend at 2. FCGMI alleges that Falls Church Associates, L.C., is the true owner of the Best Western and that Falls Church Management, Inc., maintains the premises. *Id.* at 3. Further, FCGMI asserts that, even if the Plaintiff could amend, the amended pleading cannot relate back to the original pleading and is, therefore, time-barred. FCGMI asserts Roper cannot meet the statutory limitation condition imposed by § 8.01-6, as Kirby, the registered agent for the correct defendant, was not served until approximately seven months after the two-year limitation period had expired. *Id.* at 4, 5. FCGMI also maintains there is no tolling of the statute of limitations period for failure to file a fictitious name. *Id.* at 5.

*Analysis*

The issue presented is whether a plaintiff may amend the defendant's name in a Motion for Judgment when the defendant failed to file the statutorily required fictitious name certificate. When transacting business under an assumed name, § 59.1-69 of the Virginia Code requires:

> No corporation shall conduct or transact business in this Commonwealth under any assumed or fictitious name unless such ... corporation shall sign and acknowledge a certificate setting forth the name under which such business is to be conducted or transacted, and the names of each person, partnership, limited liability company, or corporation owning the same, with their respective post-office and residence addresses ... and file the same in the office of the clerk of the court in which deeds are recorded in the county or city wherein the business is to be conducted.

Va. Code Ann. § 59.1-69 (2006).

Because of the failure to file a fictitious name report,[1] Roper's efforts to discover the correct entity behind the name and address of the Best Western revealed only FCGMI, Inc., with its registered agent as Robert L. Kirby.

In *Baldwin v. Norton Hotel*, 163 Va. 76, 175 S.E. 751 (1934), the plaintiff suffered injuries while staying at a hotel known as the "Norton Hotel." In his motion for judgment, the plaintiff inaccurately named the defendant as "Hotel Norton, Incorporated," instead of the correct name "Norton Realty Corporation." *Id.* at 78, 175 S.E. at 751. The *Baldwin* court found that, when a plaintiff used "a name by which defendant was known to the public" and "[w]hen defendant was served with process it knew it was the party against whom the action was instituted," the plaintiff should be allowed to amend the complaint. *Id.* If no one was misled, the amendment should be allowed.

In *Bryant v Rorer*, however, a Virginia circuit court held that a plaintiff could not amend her Motion for Judgment under § 8.01-6 in order to name the correct defendant. *Bryant v. Rorer*, 66 Va. Cir. 226 (2004). There, the plaintiff

---

[1] In *Leckie v. Seal*, the Virginia Supreme Court describes the driving purpose behind Virginia Code § 59.1-69 as "to prevent fraud and to compel an individual or a corporation to disclose the name of the real owner of the business, in order that the person or corporation may sue in or be sued by the proper name." *Leckie v. Seal*, 161 Va. 215, 224, 170 S.E. 844, 846 (1933).

filed an action naming "Jeff Rore, d/b/a Mostly Sofa's." She then filed an Amended Motion for Judgment with the named defendant as "Jeff Rorer, d/b/a Mostly Sofa's." *Id.* at 1. Similar to Best Western, Mostly Sofa's had not filed a fictitious name certificate. *Id.* Rorer was the registered agent for the correct defendant, Faith, Inc. *Id.* at 2. The court found that "service on Rorer was in his individual capacity, not as the registered agent for Faith, Inc.," and that Rorer and Faith, Inc., were "separate legal entities." *Id.* Thus, the plaintiff was doing more than simply correcting a misnomer, "she [was] seeking to introduce an entirely new defendant." *Id.* at 3. Ultimately, the court held the statute of limitations period had expired since the new defendant was a separate legal entity and did not receive timely notice.

Section 8.01-6 of the Virginia Code states that "[a] misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name." Va. Code Ann. § 8.01-6 (2006). The Supreme Court of Virginia in *Swann v. Marks* clarified the term "misnomer" when it held that a "[m]isnomer arises when the right person is incorrectly named, not where the wrong defendant is named." *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996) (citing *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971)). Section 8.01-6 establishes a four-prong test for an amendment changing a parties name to relate back to the original pleading date:

> (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

*Id.*

Because Roper is pressing the same claim, the new claim naturally arises "out of the conduct, transaction, or occurrence set forth in [his] original pleading." Va. Code Ann. § 8.01-6(i) (2006). Hence, Roper clearly satisfies the first prong of § 8.01-6.

FCGMI argues that this case, much like *Bryant,* cannot satisfy the second prong of § 8.01-6. FCGMI and *Bryant* both state, "When a new defendant is being substituted for the original defendant, the new defendant

must have known of the action within the statute of limitations period." *Bryant* at 3; Defendant FCGMI, Inc.'s Opp'n to Plaintiff's Mot. to Amend at 5. Even if *Bryant* were binding on this Court, this case is distinguishable from it. Here, unlike Rorer, Kirby is not being sued in his individual capacity, but as the registered agent for Best Western. In actuality, this case is far more similar to *Baldwin,* in that "Best Western Falls Church Inn" was the business name presented to the public. Therefore, since "that party or its agent received notice of the institution of the action," Va. Code Ann. § 8.01-6(ii) (2006), the second prong is satisfied.

Given that the registered agent of Best Western received timely notice, the third prong is also satisfied. Although it was after the statute of limitations had expired, it was still within the time required for service and "the party will not be prejudiced in maintaining a defense on the merits." Va. Code Ann. § 8.01-6(iii) (2006).

Finally, the fourth prong is satisfied given that Kirby, the registered agent, officer, and shareholder for the entity behind Best Western, should have known that, but for Roper's mistake, the action would have been brought against Falls Church Management, Inc. Further, as Falls Church Management, Inc., failed to properly register the name "Best Western Falls Church Inn," it could reasonably expect service on a business entity at the same address, which had a similar name, FC Management, Inc.

In sum, because Roper's claim is identical to his first claim and because the correct registered agent received timely notice, FC Management should have known that it was the proper party. It will not be prejudiced in maintaining a defense. Thus, Roper's amendment satisfies all four prongs of § 8.01-6 and relates back to the original pleading date. That being so, the statute of limitations does not bar this action.

For these reasons, the plaintiff's Motion to Amend Named Party Pursuant to Virginia Code § 8.01-6 is granted.

January 2, 2007

This matter came before the Court on Defendant FCGMI, Inc.'s Motion for Reconsideration of this Court's October 4, 2006, Order granting Plaintiff David Roper's Motion to Amend Named Party Pursuant to Virginia Code § 8.01-6. After considering briefs submitted by the parties, the Court finds as follows.

In his Response to the Motion for Reconsideration, Roper essentially argues to the Court for the first time that the defendant should be estopped from raising the statute of limitations defense.

The prior focus of the argument before the Court was whether a plaintiff may amend the defendant's name in a Motion for Judgment and have such an amendment relate back to the date of filing where the defendant failed to file the statutorily required fictitious name certificate. Estoppel was not argued.

Because of the failure to file a fictitious name certificate, Roper's efforts to discover the correct entity behind the name and address of the Best Western Hotel in Falls Church, Virginia, revealed only FCGMI, Inc., with its registered agent shown as Robert L. Kirby. Roper served Kirby as the registered agent for FCGMI in the context of a timely filed suit, but not within the statutory time period required in order for a misnomer to be corrected and relate back to the original time of filing. The suit was filed just before the statute of limitations had expired. Service on the registered agent was after the statute had expired. FCGMI moved to dismiss this action because the wrong entity had been named. The Court denied the motion, and allowed the suit to relate back, on the basis that the correct – though incorrectly named – entity had been properly served. The Motion to Reconsider challenges that ruling on the basis that there can be no relation back unless the party or its agent was served before the expiration of the statute of limitations. Va. Code Ann. § 8.01-6(ii) (2000 Repl. Vol.).

Roper now concedes that the service on the registered agent was untimely but asserts that defendant should be estopped from making such an argument because it failed to file a fictitious name certificate and made it virtually impossible for Roper to know whom to serve.

Because Falls Church Management, Inc., the correct operating entity for the Best Western Hotel, had never filed a fictitious name certificate, the Court finds that it must bear responsibility for concealing its name from the public generally and hence Roper specifically and should not be permitted to benefit from its actions.

In *Minor v. Gal-Tenn Corp.*, 47 Va. Cir. 53 (Scott County 1998), the Circuit Court of Scott County absolved the defendant in a factually similar case of any concealment or fraudulent conduct that would have tolled the statute of limitations. That was a case in which the plaintiff alleged that she was injured in a fall at the Ramada Inn in Duffield, Virginia. The fall occurred on November 5, 1994, and she filed her Motion for Judgment on November 1, 1996, shortly before the expiration of the statute of limitations. As in the present case, the plaintiff's original Motion for Judgment in *Minor* named the incorrect party and the Ramada Inn did not receive service of process. On February, 7, 1997, well after the statute of limitations expired, as here, counsel for the plaintiff attempted to amend the pleadings and argued that the amended pleading should relate back to the initial pleading.

The plaintiff in the *Minor* case contended that the defendant should be estopped from raising the statute of limitations as a defense, based on the defendant's failure to comply with Virginia Code § 59.1-69, which required a certificate of filing with the State Corporation Commission. The court in *Minor* concluded that the statute of limitations was *not* tolled because the defendant did not engage in any active concealment or fraudulent conduct. The court relied upon the following facts:

1. The name of the owner and operator of the Ramada Inn was posted in the lobby of the hotel.

2. The name of the owner of the Ramada Inn appeared on the receipts issued in the hotel's restaurant.

3. When one of the plaintiff's attorneys called and inquired as to the owner of the hotel,[2] he was informed of its identity.

Here, *none* of these facts is present and, in fact, quite the opposite is the case.

1. There was no posting of the correct name in the hotel.

2. The correct name of the owner did not appear on any receipt given Roper.

3. No one informed counsel for Roper of the correct name of the owner.

Here, Roper could have believed that the entity operating the Best Western was Best Western Falls Church Inn, the name shown on the billing receipt. No one provided Roper with the correct name of the owner. Roper tried to find that out but was unable to do so. There is no evidence as to how Roper could ever have learned the correct name of the owner. Yet, had a fictitious name certificate been filed, as required by Virginia law, the correct name of the owner would have been known in a timely manner.

As a result, this Court finds that defendant's failure to comply with Virginia Code § 59.1-69 amounts to concealment, and defendant is therefore estopped from raising the defense that service on the registered agent came too late.

For these reasons, the defendant's Motion to Reconsider is denied.

---

[2] *Id.* at 57.