## CIRCUIT COURT OF FAIRFAX COUNTY

Arthur Berndtson

.   v.

Sunrise Senior Living, Inc., et al.

April 4, 2006

Case No. (Law) 2005-5252

■■■■■■■■■■■

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Plaintiff's Motion to Correct Misnomer. Both parties submitted briefs prior to the March 31, 2006, hearing. At the conclusion of oral argument, the Court took this matter under advisement.

The Court has fully considered the briefs submitted as well as the oral arguments of both parties and, for the reasons set forth below, the Court denies the Plaintiff's Motion to Correct Misnomer.

The Plaintiff requests that this Court permit him to substitute the name Sunrise Senior Living Management, Inc., with Sunrise Senior Living Services, Inc., pursuant to Va. Code § 8.01-6 and/or § 8.01-6.2.

> Va. Code § 8.01-6: A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a

defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Va. Code § 8.01-6.2: A pleading which states a claim against a party whose trade name or corporate name is substantially similar to the trade name or corporate name of another entity, may be amended at any time by inserting the correct party's name, if such party or its agent had actual notice of the claim prior to the expiration of the statute of limitations for filing the claim.

The Plaintiff argues that this is a clear instance of misnomer because Plaintiff intended to name Sunrise Senior Living Management, Inc., as a defendant and Defendant had been made aware of Plaintiff's intention.

The Court has the power to grant a motion to correct a misnomer when there has been a mistake in name, but not in person. *Rockwell v. Allman*, 211 Va. 560, 179 S.E.2d 471 (1971). An amendment is permitted where the right party is before the Court, although under a wrong name. However, where the wrong person is named, it cannot be corrected merely by labeling it a misnomer. *Id.*

The issue before the Court is whether the Plaintiff made a mistake in name or made a mistake in the name of the Defendant. "Where the mistake in the name of the corporation, whether plaintiff or defendant, is slight, and it clearly appears what corporation is meant – or as it is sometimes expressed, where the pleading incorrectly names a corporation, but correctly describes it – the mistake is amendable. But where the error is so material (especially in the name of the defendant) that no such corporation exists, it is fatal at the trial; and this section does not obviate the result stated." *Baldwin v. Norton Hotel*, 163 Va. 76, 175 S.E. 751 (1934), citing *Leckie v. Seal*, 161 Va. 215, 170 S.E. 844 (1933).

Here, the incorrect corporation is named and described, so this is not a misnomer. Typically, a misnomer exists under the Virginia Code when there has been a misspelling, inverting, or use of a popular trade name. *Baldwin v. Norton Hotel, Inc.*, 163 Va. 76, 82, 175 S.E. 751 (1934). Sunrise Senior Living, Inc., and Sunrise Senior Living Management, Inc., are two separate corporate entities. Plaintiff's counsel admits he knew the difference between them, but his intention was to always name Sunrise Living Services, Inc., as a Defendant. He just inadvertently sued the wrong party.

It is the Plaintiff's obligation to name the correct party. Here, the Plaintiff failed to meet that obligation. A pleading naming the wrong party cannot be corrected under the guise of a misnomer. Therefore, the Plaintiff's Motion to Correct Misnomer is denied.