150

# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Emma E. Crain

v.

Chesapeake General
Hospital et al.

July 14, 2009

Case No. CL08-847

BY JUDGE JOHN W. BROWN

This matter came before the Court on the plaintiff's motion for leave to amend the name of a party pursuant to Va. Code § 8.01-6 *et seq.* of the Code of Virginia and the defendant's motion to quash service and dismiss the plaintiff's Complaint for failure to properly name the defendant. The Court heard oral argument on August 27, 2008, and June 3, 2009, and carefully reviewed the briefs submitted by counsel. After considering the arguments and authority presented, the Court finds that the plaintiff is permitted to correct the claimed misnomer of Chesapeake General Hospital and/or Chesapeake General Hospital Authority, d/b/a Chesapeake General Hospital, pursuant to § 8.01-6 of the Code of Virginia.

In her pleadings, the plaintiff was clearly naming the owner and/or operator of the facility commonly known as Chesapeake General Hospital. Although its proper legal name at the time was the Chesapeake Hospital Authority, the name "Chesapeake General Hospital Authority" does not exist, nor does a business entity known as Chesapeake General Hospital. The Authority did, however, state that it filed a fictitious name certificate listing Chesapeake General Hospital as a "trading as" name.

When determining whether an error in the naming of a party is fatal, it is critical to examine the character of the notice provided. The plaintiff's injury is alleged to have occurred on March 31, 2006, and plaintiff's counsel sent a "notice of claim" letter to the hospital administrative offices on April 24, 2006. In a letter dated May 30, 2006, from Claims Specialist Denise Escribano, the hospital directed the plaintiff to conduct all discussions and negotiations with CNA, its apparent insurance provider. The letter, introduced as plaintiff's Exhibit # 1 at the August 27, 2008, hearing, lists Ms. Escribano's address as being in Chicago, Illinois.

After this initial flurry of correspondence, there was apparently not much activity over the ensuing twenty-two month period. Then, on March 26, 2008, the plaintiff filed the instant suit in the Chesapeake Circuit Court. At that time, a copy of the Complaint, civil cover sheet, and the letter requesting that the Clerk's office prepare service were forwarded via first class mail to Ms. Escribano at the Chicago address listed on her May 30, 2006, letter. An affidavit sworn by a paralegal in the office of plaintiff's counsel affirms such mailing. The plaintiff served "Chesapeake General Hospital," not the Chesapeake Hospital Authority, on April 24, 2008, through Vonda W. Chappell, Esq., who was authorized by the entity's registered agent, Robert D. Jones, Esq., to accept service.

The critical issue is whether the materials sent to Ms. Escribano satisfy § 8.01-6's requirement that the "party or its agent" receive notice within the limitations period. The hospital argues that CNA is not, and was not, its agent. The plaintiff, on the other hand, asserts that she communicated with those whom she was instructed to deal with by the defendant for possible resolution of this matter. Furthermore, the statute does not require that notice come by any particular means, but rather that it simply be "received" by the party or its agent. The hospital asks this Court to accept Ms. Escribano's affidavit stating that she did not receive the materials as conclusive evidence, yet its own "Second Memorandum" urges the Court not to afford the affidavit of plaintiff's counsel's paralegal the same weight.

The affidavit filed by Ms. Escribano on September 11, 2008, states that, at all times, she had her office in Tampa, Florida, and that she never received the copy sent by the plaintiff to CNA's Chicago office. Defense counsel cannot clearly explain how, if Ms. Escribano's office is in Tampa, Florida, why she would send the counsel for the plaintiff letterhead implying, if not explicitly stating, that she was in Chicago, Illinois. The Court finds, despite the argument of defense counsel in its memoranda, that it chose, after receiving plaintiff's "notice of claim," to have the plaintiff deal with CNA

directly. The Court, furthermore, finds that it was reasonable for the plaintiff to believe that any notice of the institution of the suit could, and maybe should, be sent to CNA.

Despite the affidavit of CNA's claims manager swearing that he never received the notice, the regular mailing was never returned, and it may well have been received by CNA in Chicago and never forwarded. There is also a possibility that it was forwarded, but never arrived. The Supreme Court of Virginia addressed this very issue in *Hartford Fire Ins. Co. v. Mutual Sav. & Loan Co.*, 193 Va. 269, 273-74, 68 S.E.2d 541, 544 (1952):

> All authorities hold that mailing a letter, properly addressed and stamped, raises a presumption of its receipt by the addressee. Some authorities hold that the positive denial by the addressee of the receipt of such letter is sufficient to overcome the presumption. However, Virginia's decisions are in line with the majority rule to the effect that a denial of receipt of such a letter raises an issue of fact to be determined by the jury. It is said in *Yanago v. Aetna Life Ins. Co.*, 164 Va. 258, 178 S.E. 904, that "Strictly speaking, there is no necessary conflict between the testimony of a witness who says that he mailed a letter and that of an addressee who says that it was not received, for letters do miscarry, but their number, relatively speaking, is small indeed. And so the weight of authority is to the effect that their receipt is a jury question, and this is the law in Virginia." *Adams v. Plaza Theatre, Inc.*, 186 Va. 403, 43 S.E.2d 47.

In the instant case, the notice may well have been received by CNA, the defendant's designated agent, but not forwarded to Ms. Escribano in Tampa; or, if it was forwarded, it may simply have never arrived. Thus, the plaintiff has met, in the eyes of the Court, the requirements for correcting a misnomer under § 8.01-6, in that such notice would have arrived at CNA's Chicago office prior to the expiration of the statute of limitation.

Section 8.01-6.2 of the Code of Virginia permits a plaintiff to substitute the correct name if substantially similar to the defendant's trade or corporate name. Such an amendment is allowed so long as "such party or its agent had actual notice of the claim prior to the expiration of the statute of limitations." Va. Code § 8.01-6.2(A). The plaintiff argues that Chesapeake General Hospital Healthcare Foundation was the only business entity listed by the State Corporation Commission at the hospital's address, and that the Chesapeake Hospital Authority is substantially similar to Chesapeake General Hospital

Healthcare Foundation. Although the facility's name has since changed to Chesapeake Regional Medical Center, for the purposes of this matter, the Court will use the hospital's former trade name of Chesapeake General Hospital.

The plaintiff further argues that the address of the Authority and the Foundation are the same as the hospital itself and that they both have the same registered agent. She highlights the fact that actual notice of the claim (not the institution of the suit) was clearly received by the defendant and its agent CNA before the expiration of the statute of limitations through a letter to the hospital dated April 24, 2006, and the materials forwarded to Ms. Escribano.

The hospital claims that the Foundation's corporate and trade names are not substantially similar and that due diligence would have revealed that the Foundation is a fund-raising entity not involved in the operation of the hospital. In support of this contention, the defendant cites *Berndtson v. Sunrise Senior Living, Inc.*, 70 Va. Cir. 345 (Fairfax 2006). The *Berndtson* Court, however, does not clearly delineate which portion of its opinion pertains to § 8.01-6 and which relates to the request to amend pursuant to § 8.01-6.2. This Court finds language therein helpful, but not ultimately determinative of the issues in the instant case. Here, as set out in *Berndtson*, "where the mistake in the name of the corporation, whether plaintiff or defendant, is slight, and it clearly appears what corporation is meant, or as it is sometimes expressed, where the pleading incorrectly names a corporation, *but correctly describes it*, the mistake is amendable. . . ." *Id.* at 346 (quoting *Baldwin v. Norton Hotel*, 163 Va. 76, 81-82, 175 S.E. 751, 753 (1934)) (emphasis added).

The facts in *Berndtson* are also easily distinguished from those in the instant case. In *Berndtson*, counsel advised the Court that he knew the defendant named in the pleadings and the one he wished to substitute were different entities, but that he "just inadvertently sued the wrong party." *Id.* Here, counsel felt that Chesapeake General Hospital, Chesapeake General Hospital Authority, and Chesapeake General Hospital Healthcare Foundation were the correct entities since they were listed at the same address, the hospital's address, and had the same registered agent. While having the same street address and registered agent, in isolation, is not dispositive, those factors combined with the fact that this address is the location where the cause of action arose lends some basis to the plaintiff's belief. More importantly, however, two additional factors exist:

(1) The Complaint clearly described the entity at whom the suit was directed, the owner of the real estate at 736 N. Battlefield Boulevard and/or the operator, manager of those premises, to wit, the hospital property;

154

(2) The defendants answered this suit, stated affirmative defenses, and filed at the same time a Special Plea of Statute of Limitations and a motion to dismiss Chesapeake General Hospital Healthcare Foundation.

The Court finds *Baldwin* and *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 97 S.E.2d 1 (1957), instructive. Here, the substituted party, Chesapeake Hospital Authority, bears some "relation of interest" to the original party, there is no change in the cause of action, and no prejudice has been shown. Therefore, the Court will allow an amendment pursuant to § 8.01-6.2 also.